**FILED**

MAR 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTIRCT OF COLUMBIA

SANJEEV MALHOTRA

  r/o  3484 Augusta Drive

      Ijamsville,  Maryland  21754-9027

      Home Phone: (301) 865-3474

PLAINTIFF

                vs.

Case: 1:08-cv-00470
Assigned To : Walton, Reggie B.
Assign. Date : 3/19/2008
Description: TRO/PI

*Civil Action No.:*

GREGORY M. RYAN and RENU KHOSLA RYAN

  and/or their Agents/Assignees

  r/o  Gregory M. Ryan of 3816 Candlelight Court, Alexandria, Virginia  22310

  r/o  Renu Khosla Ryan of 515 Sylvan Court in Frederick, Maryland 21703

AND Department of Social Services (DSS), Frederick County, Maryland

      Phone No. of Director of DSS:  (301) 600-4555

DEFENDANT

# COMPLAINT

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTIRCT OF COLUMBIA


SANJEEV MALHOTRA

    Plaintiff


    vs.                             *Civil Action No.:*


GREGORY M. RYAN and RENU K. RYAN

    and/or their Agents/Assignees    AND Dept of Social Services, Frederick Co., MD

    Defendant


## COMPLAINT SEEKING DAMAGES AND STAY OF THE WRONG EWO

## AND STAY OF THE WITHHOLDING OF FEDERAL TAXES


Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this Complaint Seeking Damages and Stay of the Wrong EWO (Earnings Withholding Order) and Stay of the Withholding of Federal Taxes upon misrepresentation by the Defendant to various agencies, and in support thereof, states as follows:


1. That the *pro-se* Plaintiff and Defendant Renu K. Ryan were divorced pursuant to the Judgment of Absolute Divorce dated 24th June, 2002 in the State of Maryland.


2

2. That the Judgment of Absolute Divorce of June 24, 2002 was reached by the 'Agreement of Both Parties' (Sanjeev Malhotra and then Mrs. Renu Malhotra aka Renu Khosla Ryan) as noted in that Divorce Decree.

3. That per the aforesaid Divorce Decree, the *pro-se* Plaintiff and the Defendant were Ordered to provide a copy of their W-2s and other income related financial information by February 15th of each year to the other party.

4. That per the aforesaid Divorce Decree and the 'Agreement of Both Parties', the child support was to be recalculated for each year retroactive to January 1st of each year based on the W-2 and other income related financial information of both the parties for the previous calendar year and using uniform child support guidelines that were to be simply extrapolated if the combined gross income of both parties were to exceed the limit in uniform child support guidelines, as was done in the aforesaid Divorce Decree.

5. That the Defendant knowingly did Not provide copies of W-2 and other income related financial information to the *pro-se* Plaintiff since February 2005 for the previous calendar year 2004;    and that this practice, by the Defendant, of Not providing the W-2 and gross income related financial information to the *pro-se* Plaintiff has continued since then for calendar years 2005, 2006 and 2007.

3

6. That the Defendant willfully also misrepresented Defendant's employer and gross income for year 2004 to the Circuit Court for the State of Maryland in March 2005 in Open Court, when the *pro-se* Plaintiff was unemployed for part of year 2004 and that the Defendant's gross income from Holy Cross Hospital alone in calendar year 2004 was in six-figures that amounted to about One Hundred and Five Thousand Dollars (or $104,182.32 exactly).

7. That the Defendant knowingly also misrepresented to the Circuit Court for the State of Maryland in November 2005 that she had mailed the copies of her pleadings to the Court on November 2, 2005 and November 8, 2005, when the Defendant had Not mailed any such copies, and thereby Defendant co-opted and corrupted State of Maryland's Circuit Court to sign a wrong child support Order based on her willful misrepresentations of gross income for year 2004; and that the Circuit Court erred in signing that Order on or about November 16, 2005 on an *ex-parte basis* without giving the *pro-se* Plaintiff the full eighteen (18) days to respond to the Defendant's mailed pleadings, when a reply was Not due from the *pro-se* Plaintiff until November 21, 2008 (Monday) and November 28, 2008 (Monday), respectively.

8. That the child support order signed erroneously by the Circuit Court on or about November 16, 2005 as an *ex-parte order* did Not have any worksheets attached  that was docketed on or about November 21, 2005 and this child

4

support order did Not make any written findings for its deviation from the
uniform child support guidelines since it did Not include the gross income of
both parents in it nor did it include shared custody guidelines, which was in
fact mailed to the *pro-se* Plaintiff on November 22, 2005 by the Clerk of the
Court per the Court's own metered postmark and was thereafter received by
the *pro-se* Plaintiff on or about November 26, 2005 (Saturday) due to the
Thanksgiving Holidays and severe winter weather, and the *pro-se* Plaintiff
properly filed his appeal within ten/10 days of receipt of the said order on
December 6th, 2005;  and that only the *pro-se* Plaintiff had filed proper
Worksheets to the Circuit Court in March 2005 using uniform child support
guidelines alongwith calculations for shared physical custody based on a
written order in 2004 by the Circuit Court by using 136 (one-hundred-and-
thirty-six) nights of overnight visitation with the *pro-se* Plaintiff that is more
than the requisite 128 (one-hundred-and-twenty-eight) overnights for shared
physical custody;  and that the November 2005 child support order erred
additionally by Not including the gross income of the Defendant --- that was
about One Hundred and Five Thousand Dollars (6 figures) in year 2004.


9. That, based on information per attached marriage certificate, the Defendants
Gregory M. Ryan and Renu Khosla Ryan were engaged to each other on or
about Valentine's Day in February 2007, and that these two parties' were
married in the Commonwealth of Virginia on or about April 7th, 2007 and their
residential addresses then were as shown on this Complaint's front page.

5

10. That the Defendant willfully misrepresented to the Maryland State Attorney's Office in or about March-April 2007 that the erroneous November 2005 Order on child support was the Order to be implemented for years 2006 and 2007, when the Defendant knew that, per the aforesaid Divorce Decree reached per the 'Agreement of Both Parties', a new child support order was to be calculated every year retroactive to January of each year based on the previous year's gross income and earnings of both parties and by applying uniform child support guidelines, and thus the jurisdictional term of the November 2005 child support order had already ended on December 31st, 2005, and the Defendant's willful refusal to provide copies of her W-2 for any year from 2004 onwards further exacerbated the problem of calculating proper child support amount using uniform child support guidelines and terms of the aforesaid Divorce Decree reached by the 'agreement of both parties'.

11. That the Defendant willfully misrepresented about the *pro-se* Plaintiff's payments of child support being in arrears to the State of Maryland in early 2007, to include an erroneous complaint of arrearage for the month of April 2007, when it had been already paid by the *pro-se* Plaintiff in full;  and that the Defendant willfully misrepresented to the State of Maryland about arrears that led to withholding of the *pro-se* Plaintiff's federal tax refund for calendar year 2006, when the aforesaid alleged arrears were *neither* over Five Thousand Dollars *nor* were the arrears more than one year old.

12. That the State of Maryland did not act in good faith and acted prejudicially and discriminated against the *pro-se* Plaintiff, when the Federal Child Support Recovery Act of 1992 does Not permit withholding of the *pro-se* Plaintiff's tax refund for calendar year 2006 arbitrarily based on misrepresentations of the Defendant and without providing the *pro-se* Plaintiff all the remedies available under the law to explain and/or rectify those arrears prior to the State of Maryland acting with prejudice against the *pro-se* Plaintiff and thereby jeopardizing the *pro-se* Plaintiff's current federal employment.

13. That the Plaintiff has been forced to take out loans to pay the Defendant erroneous child support amounts per the November 2005 Order that was signed in error by the Circuit Court as an *ex-parte order* based on the above described misrepresentations of Defendant to various government agencies; and the *pro-se* Plaintiff seeks reimbursement of any overpayments as well as reimbursement of interest and fees on loans secured by *pro-se* Plaintiff to make erroneous child support payments to the Defendant.

14. That the *pro-se* Plaintiff has been discriminated against based on his race, religion, color, national origin, sex, different non-Christian last name, spoken accent and status in being forced to pay erroneous child support amounts

7

that were not calculated properly per the aforesaid Divorce Decree and the uniform child support guidelines.

15. That the *pro-se* Plaintiff seeks the application of uniform child support guidelines and all related legislation for fair and equitable treatment, and pleads to restore the *pro-se* Plaintiff's honor and name with the US federal government and Internal Revenue Service (IRS) immediately.

16. That the *pro-se* Plaintiff seeks that proper child support be calculated for each year from year 2004 onwards and for years 2005, 2006, 2007 and 2008 retroactive to January of each year based on gross income of both parties for the previous calendar year due to change of more than twenty-five percent (25%) change in gross income of the Defendant for year 2004 and/or failure of the Defendant to provide W-2 copies to the *pro-se* Plaintiff for years 2004, 2005, 2006 and 2007;    and that any and all arrearages owed to the *pro-se* Plaintiff for child support calculated using uniform child support guidelines should be paid by the Defendant with interest and penalties.

17. That based on information and/or belief, the Defendant had been driving a BMW car ("beamer") for Defendant's personal use instead of disclosing her six-figure gross income to the *pro-se* Plaintiff and the Circuit Court that would have required the Defendant to pay child support to the *pro-se* Plaintiff.

18. That, based on information and/or belief, Defendant Renu Khosla Ryan is and/or was employed at Georgetown University Hospital in Washington, DC at least during the years 2005, 2006 and 2007.

19. That the Defendant misled the Circuit Court again in signing the EWO in May 2007 when there was an Appeal pending at the Court of Special Appeals in Annapolis, and the Circuit Court should Not have ruled on those financial matters as the Circuit Court did Not have the financial files with it, as they are still in Annapolis until now, and the Circuit Court had full knowledge of it.

20. That the *pro-se* Plaintiff seeks from the Defendant the reimbursement of all the child support payments owed with interest and penalties as well as expenses incurred by the Plaintiff to litigate this matter to include interest and fees on loans secured by the Plaintiff to pay wrongly calculated child support amounts based on the Defendant's misrepresentations;  and that the *pro-se* Plaintiff seeks punitive damages of Ten Million Dollars ($10,000,000.00) from the Defendant due to the Defendant engaging in misrepresentations, willful misleading court and governmental authorities and unethical conduct against the laws of the United States of America.

Wherefore the *pro-se* Plaintiff prays this Honorable Court to :

    (1) Issue an order for the Defendant to show cause why the Defendant should not be penalized for its acts of misrepresentation and willfully

misleading the various governmental agencies and tarnishing the *pro-se* Plaintiff's professional image and character through Defendant's unreasonable actions described above;

(2) Order the Defendant to reimburse to the *pro-se* Plaintiff a sum equal to the actual costs of litigation of child support matter plus the child support amounts due to the Plaintiff with interest and penalties plus any overpayments of child support made by the Plaintiff and reimbursement of interest and fees on loans secured by Plaintiff to make those overpayments to the Defendant and the punitive damages of Ten Million Dollars for pain, suffering and humiliation suffered by the *pro-se* Plaintiff at the hands of the Defendant;

(3) Order a jury trial and schedule it as soon as possible;

(4) Issue a stay against the erroneous child support order of November 2005 and other orders based upon that erroneous child support order issued by the Circuit Court for the State of Maryland until at least this matter is adjudicated, and order a dismissal of all the erroneous orders;

(5) Order a correct computation of the child support amounts from year 2004 onwards and for years 2005, 2006, 2007 and 2008 based on the

W-2 and other income related information of both the parties using uniform child support guidelines to include shared physical custody;

(6) Order the Defendant and the Defendant's agents/assignees to cooperate and provide the appropriate information to the *pro-se* Plaintiff and to this Court without delays, otherwise they are to held in contempt of this Court and penalties imposed upon them;

(7) Order the DSS to determine correct child support using uniform child support guidelines and gross income of both parents and provide appropriate Worksheets to determine the child support amount;

(8) Order the imposition of appropriate financial and criminal penalties upon the Defendant for their misrepresentations and/or failure to follow the laws, orders, code and regulations;   and

(9) Grant any other relief to the *pro-se* Plaintiff it deems fit for this cause.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

March 6, 2008

Respectfully submitted by:

*Sanjeev Malhotra*

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD.  21754-9027

Home Phone:  301-865-3474

11

202 444 4167    P.05

**COMMONWEALTH OF VIRGINIA**

**MARRIAGE REGISTER**

BOOK 00128 / 2301

CIRCUIT COURT FOR CITY OR COUNTY OF
**FAIRFAX COUNTY, VIRGINIA**

CLERK'S NUMBER
2007 00700

COPY A
FOR CLERK OF COURT

| 1 FULL NAME OF GROOM | (first) (middle) (last) **GREGORY MICHAEL RYAN** | | |
|---|---|---|---|
| GROOM | 2 AGE **44** Years | 3 DATE OF BIRTH (Month, Day, Year) **09/25/1962** | 4 PLACE OF BIRTH (state or foreign country) **CALIFORNIA** |
| | 5 RACE **CAUCASIAN** | 6 NUMBER OF THIS MARRIAGE (first, second, etc) **SECOND** | 7 MARITAL STATUS (if previously) WIDOWED ☐ DIVORCED ☑ |
| | 8 EDUCATION (Specify only highest grade completed) Elementary or Secondary (0-12) **12** College (1-4 or 5+) **5+** | | 9a USUAL RESIDENCE STREET ADDRESS OR RT NUMBER **3816 CANDLELIGHT COURT** |
| | 9b CITY OR TOWN OF RESIDENCE **ALEXANDRIA** | 9c COUNTY (if independent city leave blank) **FAIRFAX** | 9d STATE (OR FOREIGN COUNTRY) **VIRGINIA** |
| | 10. NAME OF FATHER **RAYMON MICHAEL RYAN** | 11 FULL MAIDEN NAME OF MOTHER **JOANN MILDRED HILL** | |

| 12 PRESENT NAME OF BRIDE | (first) (middle) (last) **RENU KHOSLA** | | MAIDEN SURNAME (if different) |
|---|---|---|---|
| BRIDE | 13 AGE **40** Years | 14 DATE OF BIRTH (Month, Day, Year) **11/06/1966** | 16 PLACE OF BIRTH (state or foreign country) **INDIA** |
| | 16 RACE **ASIAN** | 17 NUMBER OF THIS MARRIAGE (first, second, etc) **SECOND** | 18 MARITAL STATUS (if previously) WIDOWED ☐ DIVORCED ☑ |
| | 19 EDUCATION (Specify only highest grade completed) Elementary or Secondary (0-12) **12** College (1-4 or 5+) **5+** | | 20a USUAL RESIDENCE STREET ADDRESS OR RT NUMBER **515 SYLVAN COURT** |
| | 20b CITY OR TOWN OF RESIDENCE **FREDERICK** | 20c COUNTY (if independent city leave blank) **FREDERICK** | 20d STATE (OR FOREIGN COUNTRY) **MARYLAND** |
| | 21 NAME OF FATHER **MOHENDRA PRAKASH KHOSLA** | 22 FULL MAIDEN NAME OF MOTHER **PRAVESH MARWAHA** | |

**MARRIAGE LICENSE**

23 TO ANY PERSON LICENSED TO PERFORM MARRIAGES
You are hereby authorized to join the above-named persons in marriage under procedures outlined in the statutes of the Commonwealth of Virginia

Date Issued **MARCH 05, 2007**

License Expires Sixty Days After Above Date

Signature

Clerk of Court or Deputy

Date Received by Clerk of Court from Officiant **APR 1 0 2007**

TO OFFICIANT
Complete and sign both certificates on both copies

Return both copies within five days to Clerk of Court issuing license

Section 32.1-267 Code of Virginia

**MARRIAGE CERTIFICATE**

| 24 DATE OF MARRIAGE (Month, Day, Year) **4/7/07** | 25 PLACE OF MARRIAGE (county or independent city) **ALEXANDRIA**, VIRGINIA | 26 TYPE OF CEREMONY CIVIL ☑ RELIGIOUS ☐ |
|---|---|---|

27 I CERTIFY THAT I JOINED THE ABOVE-NAMED PERSONS IN MARRIAGE ON THE DATE AND AT THE PLACE SPECIFIED

SIGNATURE OF OFFICIANT **J. Walter Roth**        TITLE OF OFFICIANT **MARRIAGE OFFICIANT**

Authorized to perform marriages by the Circuit Court for **FAIRFAX COUNTY** (city or county)    Virginia, in **1992** (year of authorization)

NAME OF OFFICIANT (type or print) **J. WALTER ROTH**

ADDRESS OF OFFICIANT **2409 NORDOK PLACE, ALEXANDRIA, VIRGINIA** (street or route number) (city or town) (state)

**08 0470**

**FILED**

MAR 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A COPY TESTE:
JOHN T. FREY, CLERK

BY: _____ Deputy Clerk

Date: _____

Original retained in the Office of the Clerk of the Circuit Court of Fairfax County, Virginia

JS-44 CIVIL COVER SHEET
(Rev.1/05 DC)

**I. (a) PLAINTIFFS**

Sanjeev MALHOTRA, pro-se

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**DEFENDANTS**

Gregory M. Ryan and Renu Khosla Ryan and/or their Agents/Assignees AND Dept of Social Services, Frederick County, MD.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**

NC
TR

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

34-84 Augusta Drive
Ijamsville MD. 21754-9027
1-(301)-865-3474

AT

Case: 1:08-cv-00470
Assigned To : Walton, Reggie B.
Assign. Date : 3/19/2008
Description: TRO/PI

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
(X) Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | X 4 | X 4 (Renu) |
| Citizen of Another State | (X) 2 | (X) 2 | Incorporated and Principal Place of Business in Another State | X 5 (Greg) | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
(X) 890 Other Statutory Actions (If Local County Administrative Agency is Involved)

**(X) D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

(2)

| □ G. *Habeas Corpus/* *2255* | □ H. *Employment* *Discrimination* | □ I. *FOIA/PRIVACY* *ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| □ K. *Labor/ERISA* *(non-employment)* | □ L. *Other Civil Rights* *(non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**ORIGIN**
(X) 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1332 -- Please see the Details in the COMPLAINT & other pleadings.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES   □ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   □ NO   If yes, please complete related case form.

DATE 16 March, 2008   SIGNATURE OF ATTORNEY OF RECORD   *Sangeeta Mallhotra*

19

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.