

**FILED**

MAR 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTIRCT OF COLUMBIA

SANJEEV MALHOTRA

   r/o   3484 Augusta Drive

       Ijamsville,  Maryland  21754-9027

   Plaintiff

Case: 1:08-cv-00470
Assigned To : Walton, Reggie B.
Assign. Date : 3/19/2008
Description: TRO/PI

     vs.

GREGORY M. RYAN and RENU KHOSLA RYAN

    and/or their Agents/Assignees

AND Department of Social Services, Frederick County, Maryland

   Defendant

### PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this Motion Seeking a

Temporary Restraining Order against the enforcement of child support order of 21st

November 2005 of Circuit Court for Maryland in Frederick County, Maryland upon

misrepresentation by the Defendant to various agencies, to include DSS, and the

ORIGINAL

2

subsequent earnings withholding order (EWO) based upon the said erroneous child support order, and in support thereof, states as follows:

1. That the *pro-se* Plaintiff incorporates the COMPLAINT being filed simultaneously in its entirety herein as if it were recited in full here.

2. That the *pro-se* Plaintiff received last week copies of his amended tax return for year 2006 in an already opened and mutilated envelope, with an illegible copy of the amended tax return sent by Internal Revenue Service as well as a refund check for year 2006 that showed that the federal tax refund had already been reduced and withheld by the Internal Revenue Service of the US Department of Treasury.

3. That the *pro-se* Plaintiff had no knowledge of this action being taken by the Internal Revenue Service and does not know as to based on whose misrepresentations to the Internal Revenue Service was this action taken, since the Plaintiff never received copies of any filings/pleadings by the Defendant.

4. That the *pro-se* Plaintiff is not aware of any arrears owed to the US federal government and/or any other US agencies; but the *pro-se* Plaintiff is suspicious that the current withholding of the *pro-se* Plaintiff's federal tax

2

refund for year 2006 may have to do with the Defendant's misrepresentations of alleged child support arrears to the DSS.

5.  That the *pro-se* Plaintiff seeks a Temporary Restraining Order from this US District Court to Stay the 21st November, 2005 child support order that was signed as an *ex-parte order,* when the said order did Not follow the uniform child support guidelines, and the said order did not make any finding in writing for its deviating from the uniform child support guidelines.

6.  That the *pro-se* Plaintiff seeks an order from this US District Court, or at least a temporary injunction, to ask the Department of Social Services, Frederick County, Maryland to Not enforce the erroneous 21st November, 2005 child support order and the subsequent EWO based upon that erroneous order until this matter is fully adjudicated, due to the errors described above in the aforesaid child support order.

7.  That the *pro-se* Plaintiff seeks an order from this US District Court to ask the Department of Social Services (DSS here after), Frederick County, Maryland to calculate the appropriate child support for years 2004, 2005, 2006, 2007 and 2008 in conformance with the uniform child support guidelines, to include shared custody of one-hundred-and-thirty-six (136) nights with the *pro-se* Plaintiff, and provide all calculations with proper worksheets based on gross

3

income of both parents and the Judgment of Absolute Divorce dated June
24th, 2002 reached by the agreement of both parties.

8. That the Defendant DSS misled the *pro-se* Plaintiff in having file timely
   Appeals to the EWO in Summer 2007 with Not even a single written
   response given by DSS to the *pro-se* Plaintiff;  and this situation is similar to
   the Defendant misleading the Circuit Court again in signing the EWO in May
   2007 when there was an Appeal pending at the Court of Special Appeals in
   Annapolis, and the Circuit Court should Not have ruled on these financial
   matters as the Circuit Court did Not have the financial files with it, as they are
   still in Annapolis until now, and the Circuit Court had full knowledge of it.

9. That the *pro-se* Plaintiff seeks the Temporary Restraining Order and the
   temporary injunction against the DSS, Frederick County, Maryland as
   described above until this matter is fully adjudicated, since DSS did NOT
   even bother to give a reply to Plaintiff's timely filed Appeals to DSS.

Wherefore the *pro-se* Plaintiff prays this Honorable Court to:

    (1) Issue a Temporary Restraining Order for the Department of Social
    Services, Frederick County, Maryland Not to enforce the erroneous
    November 21st, 2005 child support order and any EWO based upon
    the said erroneous order until this matter is adjudicated;

4

(2) Order a temporary injunction prohibiting the Department of Social Services, Frederick County, Maryland and/or sister agencies from releasing any information about the *pro-se* Plaintiff that could adversely impact the Plaintiff's employment status and/or credit rating and credit worthiness.

(3) Grant any other relief to the Plaintiff it deems fit for this cause and/or related causes.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

March 16, 2008

Respectfully submitted by:

*Sanjeev Malhotra*

SANJEEV MALHOTRA
3484 Augusta Drive
IJAMSVILLE, MD.  21754-9027
Home Phone:  (301) 865-3474

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTIRCT OF COLUMBIA

**FILED**

MAR 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SANJEEV MALHOTRA

r/o   3484 Augusta Drive

Ijamsville,  Maryland  21754-9027

08 0470

Plaintiff

vs.                                          Civil Action No.:     (TBA)

GREGORY M. RYAN and RENU KHOSLA RYAN

and/or their Agents/Assignees

AND Department of Social Services, Frederick County, Maryland

Defendant

## PLAINTIFF'S MEMORANDUM AND POINTS OF AUTHORITY

## TO SUPPORT THE TEMPORARY RESTRAINING ORDER

Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this Memorandum and

Points of Authority to Support the Temporary Restraining Order against the

enforcement of child support order of 21st November 2005 of Circuit Court for

Maryland in Frederick County, Maryland upon misrepresentation by the Defendant

**ORIGINAL**

to various agencies, and the subsequent earnings withholding order (EWO) based upon the said erroneous child support order, and in support thereof, states as follows:

1. That the Judgment of Final Divorce dated June 24, 2002 required the Child Support to be recalculated each year to be effective from January 1st of each year (Liber 0027, Folio 0692 --- complete copy attached herewith, Folio 0684 to Folio 0693). Further, this Final Divorce Decree required both the parties' to exchange their *"W-2 income statements and other financial documents"* by February 15th of each year *"for the purpose of recalculating the amount of Child Support each year"*, and it further states that the parties' agreed *"that in the event that the parties' total gross income exceeds the highest amount under the child support table, then they agree to extrapolate child support from the highest amount set forth for combined income in the table in the same manner they extrapolated child support for the purpose of this Judgment as set forth on the child support worksheet attached hereto and incorporated herein"*.

2. That based on Circuit Court's Pendente Lite Order of May 24, 2004 (copy attached herewith), which determined "Found that the Defendant Malhotra (*pro-se* Plaintiff in this Court) has 136 (one-hundred and thirty-six) overnights (visitation) with the children in 2004;" followed by the words, "and the number of his overnights meets the criteria for the use of the shared physical custody

2

guidelines;" and that this May 24th, 2004 Order had both the Worksheets for shared physical custody and sole custody attached to it; and that NO Worksheets were attached to the child support order of November 21, 2005.

3. That per Maryland Code §12-201[i] (k), "Shared Physical Custody" means that "the Court may base a child support award on physical custody based solely on the amount of visitation awarded" and that in year 2005 --- since the visitation Orders in place and the number of overnights visitation from year 2004 had NOT changed in year 2005, "that determination remains" of the number of overnights visitation at one-hundred and thirty-six (136) overnights (as in year 2004); and that Judge Dwyer further clarified that in visitation matters for child support calculations, *"It's not how many you actually exercised or utilized."*, but instead "*It's what's the Court Order says you are awarded*", and that this determination of 136 overnights was Not followed in the child support order of November 21, 2005.

4. That per Maryland Court System's Department of Family Administration, Administrative Office of the Courts in Annapolis, MD own two-sided brochure, "#10/04 FAM CS3" with green-border titled "Maryland Child Support Guidelines", it clearly states unequivocally *"that judges use mandatory guidelines to establish or modify child support orders. These Child Support Guidelines provide a formula for calculating child support based on a proportion of each parent's income."*, and it further states that *"each parent's*

3

gross income" is "take(n) into account" as the very first thing under the sub-title, "How is Child Support Calculated?", and that the child support order of November 21, 2005 does Not follow the mandatory uniform child support guidelines that have been in effect since about year 1990.

5. That the Maryland Code §12-203 for CHILD SUPPORT under title (b), "Verification of Income", clearly states that the "Income statements of the parents shall be verified with documentation of both current and past actual income." (emphasis added), and no such verification of income was done for the child support order of November 21, 2005.

6. That per Maryland State's Rules on Child Support Guidelines and the Maryland State Code[ii] in effect since April 1990 clearly require that a Worksheet must be filed "In an action involving the establishment or modification of child support, each party shall file a worksheet" and it defines this "Worksheet" to be "a document to compute child support under the guidelines set forth in Code, Family Law Article, Title 12, Subtitle 2", and further requires that "Unless the court directs otherwise, the worksheet shall be filed not later than the date of the hearing on the issue of child support.", and that other than the pro-se Plaintiff, NO other party had filed a WORKSHEET to the Court either Before or on the Day of the Hearing showing the Child Support Calculations for either year 2005 or year 2004.

4

7. That the Honorable Circuit Court of Frederick County, Maryland ERRED when it Did NOT Follow the Maryland Code and/or Rules in signing an *ex-parte* [iii] Order for child support modification and this Order was erroneously signed on 16th November, 2005 and then docketed on November 21st, 2005, and it is this Order that needs to be Stayed immediately as requested by the *pro-se* Plaintiff.

To sum up, substantial evidence has been presented to show that the six-figure "gross salary" of $104,182.32 of Defendant Renu Khosla Ryan for the year 2004 and the Plaintiff's "gross salary" of $90,000.00 (starting in mid-January 2005 that was terminated effective December 1st, 2005 due to no contract extension) were NOT taken into account for calculating the amount owed per the Child Support Guidelines for the year 2005; and that the Defendant Renu Khosla Ryan had misrepresented to the Court that her gross salary/ income was only $88,091.00 due to IRS allowed deduction for 401k contributions; and that there had been NO change in the visitation order and in determination of 136 overnights of visitation with Plaintiff Malhotra in the year 2005 from the May 24, 2004 Order; and that the Child Support Guidelines were to be calculated per the criteria of "physical shared custody" of overnight visitation as given in Maryland Code §12-201; and that the Honorable Circuit Court Judge ERRED in Not making a written finding of reasons for deviating from the uniform child support guidelines and in using reduced gross incomes of both parents and applying "sole custody" without proper application of Child Support Guidelines; and that the Honorable Circuit Court Judge ERRED in signing the Child Support Order on November 16th, 2005 on an *ex-parte basis* and docketed on November 21, 2005 when the pro-se Plaintiff had until November 28th, 2005 to respond to the Defendant's pleading filed on November 8th, 2005 asking the Court to sign the said erroneous child support order; and that this Order had NO Worksheets attached to it for year 2005 monthly support and it had NO Worksheets attached for any arrearage for second half of year 2004.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

March 12, 2008

Respectfully submitted by:

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD.  21754-9027

Home Phone:  (301) 865-3474

---

[i] Per Maryland Code, Title 12, Family Law, it states:

§ 12-201. Definitions

(a) In general. - In this subtitle the following words have the meanings indicated.

(b) **Actual income**. --  (1) "Actual income" means income from any source.

(h) **Income**. -- "Income" means:

    (1)  actual income of a parent, if the parent is employed to full capacity; or

    (2)  potential income of a parent, if the parent is voluntarily impoverished.

(i) **Ordinary and necessary expenses**. -- *"Ordinary and necessary expenses" does **not** include amounts allowable by the Internal Revenue Service* for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate *for determining actual income for purposes of calculating child support.*  (emphasis added)

(k) **Shared physical custody.** --                   (emphasis added)

    (1) *"Shared physical custody" means that each parent keeps the child or children overnight for more than 35% of the year* and that both parents contribute to the expenses of the child or children in addition to the payment of child support.

    (2) Subject to paragraph (1) of this subsection, the court may base a child support award on shared physical custody:

        (i)  solely on the amount of visitation awarded; and

        (ii)  *regardless of whether joint custody has been granted.*

[ii]  Per MARYLAND STATE RULES, TITLE 9, FAMILY LAW ACTIONS, it states:

Rule 9-206. **Child support guidelines.**          (emphasis added)
(a) Definitions. The following definitions apply in this Rule:
  (1) **Shared physical custody**. "Shared physical custody" has the meaning stated in
       Code, Family Law Article, § 12-201 (i).
  (2) **Worksheet**. "Worksheet" means a document to compute child support under the
       guidelines set forth in Code, Family Law Article, Title 12, Subtitle 2.
(b) Filing of worksheet. In an action involving the establishment or modification of child
support, each party shall file a worksheet in the form set forth in section (c) or (d) of this
Rule. Unless the court directs otherwise, the worksheet shall be filed not later than the
date of the hearing on the issue of child support.


iii Per MARYLAND STATE RULES, TITLE 1, GENERAL PROVISIONS, it states:
**Rule 1-351.** Order upon *ex parte* application prohibited -- Exceptions.      (emphasis
added)
**No court shall sign any order** or grant any relief in an action **upon an *ex parte***
**application** unless:
  (a) an *ex parte* application is expressly provided for or necessarily implied by these
rules or other law, or
   (b) the moving party has certified in writing that all parties who will be affected have
been given notice of the time and place of presentation of the application to the court or
that specified efforts commensurate with the circumstances have been made to give
notice.

Also, per Volume 20 of MD Digest 2d---(page #) 409, it shows that in Md. App. 1977,
Berman v. State, 370 A. 2d 580, 35 Md. App, it states:  *"Crime of false pretenses is
committed when a person:  by making a false representation of past or existing fact;
with intent to defraud;  and knowledge of its falsity;  obtains any chattel, money or
valuable security from another;  who relies of false representation;  to his detriment."*
Code 1957, art. 27.

Additionally, as noted in *"PLEADINGS SERVE FOUR IMPORTANT PURPOSES"*
(page #PRO 5003 from PROCEDURE), it states, "Pleading serves four important
purposes: (1) it provides NOTICE to parties as to the nature of claim or defense;  (2) it
states the facts upon which the claim or defense allegedly exists;  (3) it defines the
boundaries of litigation;  and (4) it provides for the speedy resolution of frivolous
claims and defenses."  (emphasis added)

LIBERO 0 2 7 FOLIO 6 8 4

| | | |
|---|---|---|
| RENU MALHOTRA | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| -vs- | * | FOR |
| SANJEEV MALHOTRA | * | FREDERICK COUNTY |
| Defendant | * | Case No. 00-1838-CV |

\* \* \* \* \* \* \* \* \*

## JUDGMENT OF ABSOLUTE DIVORCE

These proceedings having been scheduled for a four day trial and the parties having reached an agreement prior to the hearing; the parties and the attorney for the minor children having appeared with counsel in court on May 9, 2002, in order to place the parties' settlement on the issues of custody and visitation on the record; and the parties having appeared with counsel in court on May 10, 2002, in order to place the parties' settlement on the property issues on the record and to take divorce testimony; it is this 24th day of _June_, 2002, by the Circuit Court for Frederick County,

**ORDERED**, that the Defendant, **SANJEEV MALHOTRA**, is hereby granted a **JUDGMENT OF ABSOLUTE DIVORCE** from the Plaintiff, **RENU MALHOTRA**; and it is further

08 0470

**ORDERED**, that Plaintiff, **RENU MALHOTRA**, shall have the sole legal and physical care and custody of SUNAINA MALHOTRA and TARANA MALHOTRA, the minor children of the parties; TRUE COPY TEST.

FILED

MAR 1 9 2008

**ORDERED**, that Defendant, **SANJEEV MALHOTRA**, shall have visitation with the minor children as follows:

Sandra K. Dalton
CLERK

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit A1
(Folio 684 to Folio 693)
10 Pages Total

LIBERO 0 2 7 FOLIO 0 6 8 5

(a)    Alternating weekends from the time that the children's school day ends on Friday during the school year until Monday morning when he shall take the children to school, said alternating weekends to commence on May 17, 2002;

(b)    One Wednesday each month during the school year, the first of which will occur on May 22, 2002, said visitation to commence when Defendant himself picks up Tarana from KinderCare or if he is not available to do so, then the said visitation will commence after Sunaina is released from school at the Frederick Christian Academy (FCA) and shall end at 7:30 p.m. and further that when Tarana begins at FCA in August, 2002, both children will be picked up from FCA;

(c)    One additional weekday visitation each month during the school year that will commence and terminate upon the same terms as the Wednesday visitation during which Defendant shall take Sunaina for her counseling with Gayle Bromberg;

(d)    Every Father's Day from 9:00 a.m. until 6:00 p.m.;

(e)    On Tarana's birthday in the even numbered years commencing in the year 2002 from 9:00 a.m. until 6:00 p.m.; and it is further

ORDERED, that Defendant, SANJEEV MALHOTRA, shall have visitation with the minor children on each of the following Hindu holidays on the dates they occur on the Hindu calendar from 9:00 a.m. until 8:30 p.m., unless the holiday falls on a school day in which event the visitation will begin after the school day ends:

(a)    Diwali (which usually occurs in either October or November);

(b)    Holi (which usually occurs in March);

(c)    Lohri (which usually occurs on January 13th); and

(d)    Durga Puja (which usually occurs in April); and it is further

LIBERO 0 2 7 FOLIO 6 8 6

ORDERED, that Plaintiff, RENU MALHOTRA, shall have visitation with the minor children as follows:

(a)  Every Easter Sunday from 9:00 a.m. until 8:30 p.m.;

(b)  Every Christmas Day from 9:00 a.m. until 8:30 p.m.;

(c)  Every Mother's Day from 9:00 a.m. until 6:00 p.m.;

(d)  On Tarana's birthday from 9:00 a.m. until 6:00 p.m., in the odd numbered years commencing in the year 2003; and it is further

ORDERED, that Plaintiff and Defendant will share equally the number of days the children are off from school for their spring break, which break shall be calculated to commence with the day after school ends and will terminate on the day before the children return to school.  If Easter Sunday falls during the school break, Plaintiff shall have the one-half of the spring break that includes Easter Sunday.  Otherwise, the parties will alternate the first and second half of the spring break each year; and it is further

ORDERED, that Plaintiff and Defendant will share equally the number of days the children are off from school for their Christmas school break, which break shall be calculated to commence with the day after school ends and will terminate on the day before the children return to school.  Plaintiff and Defendant shall alternate each year who has the first and second half of the break.  Commencing in the year 2002, and in every even numbered year thereafter, Plaintiff shall have the second half of the Christmas school break and Defendant shall have the first half.  Commencing in the year 2003, and in every odd numbered year thereafter, Defendant shall have the second half of the Christmas school break and Plaintiff shall have the first half; and it is further

LIBER 0 2 7 FOLIO 6 8 7

**ORDERED,** that Plaintiff and Defendant shall alternate visitation with the minor children during the Thanksgiving school break, which shall commence when the children are released from school on Wednesday before Thanksgiving until Friday at 6:00 p.m. and Defendant shall have visitation for the school break commencing in the year 2002 and in the even numbered years thereafter and Plaintiff shall have visitation in the odd numbered years; and it is further

**ORDERED,** that the party who has the children for visitation on the weekend in which the Memorial Day and Labor Day holidays fall, shall also have the children on those Monday holidays; and it is further

**ORDERED,** that during the summer school break which shall commence at the time that the children are released from school for the summer until the time that they return to school the children's residence will alternate between Plaintiff and Defendant on a weekly basis with the alternating weekly exchange on Fridays at 5:00 p.m., commencing on June 7, 2002, when Plaintiff's weekly summer visitation will commence; and it is further

**ORDERED,** that unless the parties otherwise mutually agree, the visitation schedule as set forth in this Order has been reduced to writing as set forth on the calendar attached hereto commencing in May of 2002, through and including June of 2003; and it is further

**ORDERED,** that Plaintiff and Defendant shall utilize Barracks B of the Maryland State Police located on Route 40 in Frederick, Maryland, for the purpose of visitation exchange unless otherwise specified in this Order and all exchanges will take place with a third party present; and it is further

LIBER 0 2 7 FOLIO 6 8 8

**ORDERED,** that Plaintiff shall continue to provide school records concerning the minor children of the parties to Defendant in the same manner that she has done in the past; and it is further

**ORDERED,** that Defendant shall be added as an emergency contact person at the Frederick Christian Academy; and it is further

**ORDERED,** that Plaintiff shall advise Defendant of the minor children's medications and doctor's appointments; and it is further

**ORDERED,** that Defendant shall have access to the children's school and medical records; and it is further

**ORDERED,** that both parties can participate in religious activities with the children; however, until the children are old enough to decide for themselves (minimum age 12) neither party will have the children participate in any special religious ceremony that would preclude the children from participating in the other party's religion; and it is further

**ORDERED,** that the parties shall be entitled to reasonable telephone access with the minor children between the times of 7:30 p.m. and 8:00 p.m.; and it is further

**ORDERED,** that each party shall provide the other with a telephone number where he or she may be reached when away from his or her home with the minor children for a period in excess of 24 hours; and it is further

**ORDERED,** that neither party shall take the children out of the United States without giving the other ninety (90) days advance written notice; and it is further

**ORDERED,** that Plaintiff shall give Defendant ninety (90) days advance written notice if she intends to change the minor children's school; and it is further

LIBERO 0 2 7 FOLIO b 8 9

ORDERED, that Plaintiff shall give Defendant ninety (90) days advance written notice if she intends to move from Frederick County, Maryland; and it is further

ORDERED, that all personal belongings, including, but not limited to, the children's clothing, school supplies, school bags, etc. that accompany the children during visitation with the other parent shall be returned by that parent at the conclusion of the visitation; and it is further

ORDERED, that the parties shall notify one another by April 1st of each year of his or her intent to take a summer vacation with the minor children; and it is further

ORDERED, that to the extent that this Order conflicts with the Protective Order in Case No. 02-0633-CV, this Judgment shall control; and it is further

ORDERED, that this matter shall be scheduled for a review hearing on September 18, 2002, at 10:00 a.m. in order to revisit the issues of midweek and additional visitation for Defendant; overnight visitation (both midweek and on Hindu holidays) for Defendant; Fourth of July; and Sunaina's counseling; and it is further

ORDERED, that until the above-described hearing, the appearance of Thomas P. Sinton shall remain entered on behalf of the minor children; and it is further

ORDERED, that Defendant, SANJEEV MALHOTRA, shall pay directly unto Plaintiff, RENU MALHOTRA, now known as RENU KHOSLA, the sum of One Thousand, Six Hundred Ninety-five Dollars ($1,695.00) per month for the maintenance and support of the minor children, commencing on May 1, 2002, said payment to be made in two equal installments on the 1st and 15th days of each month; and it is further

ORDERED, that if Defendant accumulates support payment arrears amounting to more than thirty (30) days of support, he shall be subject to earnings withholding; he is

LIBERO 0 2 7 FOLIO0 b 9 0.

required to notify the Court within ten (10) days of any change of address or employment so long as he is obligated to pay child support in accordance with this Judgment of Absolute Divorce; and failure to do so shall subject him to a penalty not to exceed $250.00, and may result in his not receiving notice of proceedings for earnings withholding; and it is further

ORDERED, that Defendant shall keep the minor children covered on his existing medical and dental insurance, which is provided through his employment, so long as he maintains said employment and so long as the aforesaid policy remains available to him; and it is further

ORDERED, that the sum of Twenty-nine Thousand Dollars ($29,000:00) shall be paid from Defendant's TIAA-CREFF Individual Retirement Accounts by way of a rollover unto an Individual Retirement Account for Plaintiff pursuant to a Qualified Domestic Relations Order or such other Order so that neither party is assessed any penalty or interest; and it is further

ORDERED, that Defendant shall promptly make application to a lender in order to refinance the existing mortgage loan on the real estate owned jointly by the parties known as 3484 Augusta Drive, Ijamsville, Maryland, 21754, within 120 days of May 10, 2002, in order to have Plaintiff's name removed from the said mortgage obligation and to pay the sum of Thirty-five Thousand Dollars ($35,000.00) unto Plaintiff in order to release her marital interest in the said real estate in exchange for Plaintiff executing a deed of all of her right, title and interest in and to the said real estate to Defendant; and in the event that Defendant cannot refinance the said mortgage loan within the said 120 day time period, then the parties agree that the said real estate will be sold at a trustee's sale

LIBER O 2 7 FOLIO 0 6 q

and Plaintiff shall be entitled to payment of Thirty-five Thousand Dollars ($35,000.00) from the net proceeds of said sale; and it is further

**ORDERED,** that Plaintiff and Defendant shall each maintain possession and title of the personal property and other financial accounts that are presently titled in their respective names; and it is further

**ORDERED,** that Defendant shall make a good faith effort to arrange for the removal of Plaintiff's name from the existing security interest in the jointly owned 1999 Chevrolet Astro Van with GMAC; and in the event that Defendant is unable to have Plaintiff's name released from the said loan obligation, Defendant agrees to indemnify and hold Plaintiff harmless with respect to said loan; and it is further

**ORDERED,** that Plaintiff shall assign unto Defendant all of her right, title and interest in and to the 1999 Chevrolet Astro van; 1989 Toyota Corolla; and 1987 Volvo and she shall execute any and all documents deemed necessary to transfer her interest to Defendant; and it is further

**ORDERED,** that Plaintiff and Defendant shall be equally responsible for and pay all of Dr. Timothy Gibian's fees that have been incurred in this proceeding; and it is further

**ORDERED,** that Plaintiff and Defendant shall pay the total fees incurred by Tom Sinton in the representation of the minor children in this proceeding, by which Defendant shall pay sixty percent (60%) of the total of said fees, and Plaintiff shall pay forty percent (40%) of said fees with credit given to each for all payments made to date; and it is further

**ORDERED,** that Plaintiff shall be entitled to claim both children as dependency exemptions on her federal and state income tax returns; and it is further

**ORDERED,** that each party shall waive alimony against the other; and it is further

**ORDERED,** that Defendant shall maintain the existing custodial accounts for the minor children that are described on the Joint Statement of Marital and Non-Marital Property filed in this proceeding, which accounts are located at SunTrust Bank and the stock in FCNB Bank, now known as BB&T and shall provide to Plaintiff on or before February 1st each year an annual accounting of those accounts; and it is further

**ORDERED,** that Plaintiff and Defendant shall exchange W-2 income statements and other financial documents as soon as those documents are available for the purpose of recalculating the amount of child support each year commencing in the year 2003; the calculation for child support shall be retroactive to January 1st each year; and the parties further agree that in the event that the parties' total gross income exceeds the highest amount under the child support table, then they agree to extrapolate child support from the highest amount set forth for combined income in the table in the same manner they extrapolated child support for the purposes of this Judgment as set forth on the child support worksheet attached hereto and incorporated herein; and it is further

**ORDERED,** that Plaintiff shall recommend to the State's Attorney's Office that the pending assault charges that have been filed in Case No. 1U00028855 in the District Court for Frederick County against Defendant shall not be prosecuted; and it is further

**ORDERED,** that Plaintiff's maiden name shall be restored to **RENU KHOSLA;** and it is further

LIBERO 0 2 7 FOLIO 6 9 3

ORDERED, that this court shall retain jurisdiction over this matter for the purpose of issuing a Qualified Domestic Relations Order (QDRO) for Defendant's TIAA-CREF retirement account pursuant to the terms of the agreement reached by the parties and placed on the record in this proceeding; and it is further

ORDERED, that the Court retains jurisdiction and power to amend and modify any QDRO for the sole purpose of bringing it into compliance with any federal regulations or state law in order to effectuate the intent of the parties; and it is further

ORDERED, that the Court reserves and retains jurisdiction for the purpose of considering a Motion for Attorney's Fees to be filed by the attorney for the minor children, Thomas P. Sinton, and the issuance of an Order regarding thereto.

JUDGE G. EDWARD DWYER, JR.

APPROVED AS TO FORM AND CONTENT:

James H. Clapp
Attorney for Plaintiff

Julie Hunt Blair
Attorney for Defendant

Thomas P. Sinton
Attorney for Minor Children

TRUE COPY TEST:

CLERK

FILED

2002 JUN 24  A 11: 48

IN THE CIRCUIT COURT OF FREDERICK COUNTY, MARYLAND

| | |
|---|---|
| RENU MALHOTRA aka ) | |
| RENU KHOSLA ) | |
| ) | Case No. 00-1838-CV |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| SANJEEV MALHOTRA ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

### *PENDENTE LITE* ORDER

Upon consideration of Defendant Sanjeev Malhotra's February 2, 2004 Motion to Modify Child Support and Plaintiff Renu Khosla's Opposition and the testimony presented on April 13, 2004, it is on this th day of May 2004 by the Circuit Court of Frederick County

Founded that Defendant Malhotra's income is $1,343 per month based upon his Maryland unemployment compensation of $310 per week and Plaintiff Khosla's income is $3,777 per month based upon her "wage, tips, other compensation" line in her 2003 W-2 from Holy Cross Hospital as opposed to her $4,356.23 per month in "Social Security wages" on her W-2; that Plaintiff's premium to provide health insurance coverage for the children is $262 per month; that Suaina's (Shona) extraordinary medical expenses are $378 per month for orthodontia; and that the cost for the Frederick Christian Academy and related school activities is $617 per month for the 2003 to 2004 school year.

Found that the Defendant Malhotra has 136 overnights with the children in 2004, and the number of his overnights meets the criteria for the use of the shared physical child support guidelines;

EXHIBIT "A" (Page 1 of 5)

FILED

2004 MAY 24   AM 10: 10

SANDRA TON

CLERK _____

BY _____

1

Found that Defendant Malhotra paid $1,203 in child support and $380 towards his arrearage in December 2003; $1,203 in child support in January 2004; $394 in child support and $160 towards his arrearage in February 2004; $402 in child support and $180 towards his arrearage in March 2004; and $201 in child support and $90 towards his arrearage for the first half of April 2004.

Found that using the shared physical child custody guidelines for child support that Defendant Malhotra's child support obligation would be $125 per month, as reflected in attached Exhibit "1";

Found that using the sole custody child guidelines for child support that Defendant Malhotra's child support obligation would be $566 per month, as reflected in attached Exhibit "2".

Ordered that Defendant Malhotra shall pay child support in the amount of $566 per month, retroactive to February 1, 2004, because good cause exists to deviate from the $125 per month pursuant to the application of the shared physical child support guidelines as follows: (1) Defendant Malhotra has been receiving $1,343 in monthly unemployment benefits since February 1, 2004; (2) Defendant Malhotra had previously been earning $5,833 per month and his unemployment is expected to be short-term; (3) Plaintiff is currently paying $262 per month for health insurance for the children; and (4) it would be inequitable for Plaintiff to receive only $125 per month in child support when she is currently paying $995 per month in extraordinary medical and school related expenses for the children.

Ordered that Defendant Malhotra shall pay an additional $56 per month towards the $418.00 child support arrearage he accrued from February to April 2004 ($172 in February; $164 in March; and $82 for the first half of April);

Ordered that Defendant Malhotra shall pay $401 in child support on April 14, 2004 ($283 + $28 in new arrearage + $90 in prior arrearage);

EXHIBIT "A" (Page 2 of 5)

2

Order that Defendant Malhotra shall continue to pay $180 per month on his prior child support arrearage of $1,518;

Ordered that Defendant Malhotra shall make two equal payments of his child support and arrearage (if any) by mailing his check on the 28th of each month for receipt on or about the 1st of the next month and on the 12th of each month for receipt on or about the 15th of the month.

Ordered that Defendant Malhotra shall notify the Court and Plaintiff upon a change in his employment status or earnings; and that this *pendente lite* Order is subject to modification upon a change in Defendant Malhotra's employment status or earnings.

_____
Judge G. Edward Dwyer, Jr.

Approved as to Form and content:

_____        _____
Renu Khosla                                                       Stewart Andrew Sutton,
605 Windview Way, #202                               8 Executive Park Court
Frederick, MD 21703                                      Germantown, MD 20874
Plaintiff/Pro Se                                                (301) 916-5000
                                                                        Attorney for Defendant

_____
Thomas P. Sinton
Nickas, Prete & Sinton, P.A.                         EXHIBIT "A"
19 North Court Street, Suite 101                  (Page 3 of 5)
Frederick, MD 21701
(301) 694-8877
Attorney for Minor Children

FILED

2004 MAY 24 AM 10: 10

SANDRA K. DALTON
CLERK _____
3

TRUE COPY TEST

_____
CLERK

## WORKSHEET — CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY

| Children | Date of Birth | Children | Date of Birth |
|---|---|---|---|
| | | | |
| | | | |

| | Mother | Father | Combined |
|---|---|---|---|
| 1. MONTHLY ACTUAL INCOME (Before taxes) | $3777 | $1343 | //////////////// |
| a. Minus preexisting child support payment actually paid | - | - | //////////////// |
| b. Minus health insurance premium (if child included) | - 262 | - | //////////////// |
| c. Minus alimony actually paid | - | - | //////////////// |
| d. Plus/minus alimony awarded in this case | +  | +  | //////////////// |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | $3515 | $1343 | $4858 |
| 3. PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined income) | 72.4 % | 27.6 % | //////////////// |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply Line 2 Combined Income to Child Support Schedule) | //////////////// | //////////////// | $1027 |
| 5. ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 x 1.5) | //////////////// | //////////////// | $1541 |
| 6. OVERNIGHTS with each parent (must total 365) | 229 | 136 | 365 |
| 7. PERCENTAGE with each parent (Line 6 divided by 365) | 62.7 % | 37.3 % | //////////////// |
| STOP HERE IF LINE 7 is less than 35% for either parent. Shared physical custody does not apply. (See Worksheet A.) | //////////////// | //////////////// | //////////////// |
| 8. EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (For each parent, multiply Lines 3 and 5) | $1,116 | $425 | //////////////// |
| 9. BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times Line 8 as arrows indicate) | $416 | $266 | //////////////// |
| 10. NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in Line 9 and place result in this Line under greater amount) | $150 | $ | //////////////// |
| 11. EXPENSES: a. Work-related Child Care Expenses Md. Ann. Code, FL § 12-204(g) | //////////////// | //////////////// | + |
| b. Extraordinary Medical Expenses Md. Ann. Code, FL § 12-204(h) | //////////////// | //////////////// | + 378 |
| c. Additional Expenses Md. Ann. Code, FL § 12-204(i) | //////////////// | //////////////// | + 617 |
| 12. NET ADJUSTMENT from page 2 of Worksheet, Line H. If applicable. If not, continue to Line 13. | $ | $275 | //////////////// |
| 13. NET BASIC CHILD SUPPORT OBLIGATION (From Line 10) | $150 | $ | //////////////// |
| 14. RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under Lines 12 and 13, add these two figures to obtain the amount owed by that parent. If one parent owes money under Line 12 and the other owes money under Line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on Lines 12 and 13 will owe that difference as child support obligation. Note: The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a noncustodial parent. See Worksheet A.) | $  EXHIBIT "A" (Page 4 of 5) | $  125 | //////////////// |

| PREPARED BY: SAS | DATE: 7/13/04 |
|---|---|

EXH 1

| WORKSHEET A — CHILD SUPPORT OBLIGATION: SOLE CUSTODY | | | | |
|---|---|---|---|---|
| Children | Date of Birth | Children | | Date of Birth |
| | | | | |
| | | | | |
| | | Mother | Father | Combined |
| 1. MONTHLY ACTUAL INCOME (Before taxes) | | $ 3777 | $ 1343 | ///////////////////// |
| a. Minus preexisting child support payment actually paid | | - | - | ///////////////////// |
| b. Minus health insurance premium (if child included) | | 262 | - | ///////////////////// |
| c. Minus alimony actually paid | | - | - | ///////////////////// |
| d. Plus/minus alimony awarded in this case | | +/- | +/- | ///////////////////// |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | | $ 3515 | $ 1343 | $ 4858 |
| 3. PERCENTAGE SHARE OF INCOME (Line 2 Each parent's income divided by Combined Income) | | 72 % | 28 % | ///////////////////// |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply Line 2 Combined Income to Child Support Schedule) | | ///////////////////// | ///////////////////// | $ 1027 |
| a. Work-related Child Care Expenses Md. Ann. Code. FL § 12-204(g) | | ///////////////////// | ///////////////////// | + |
| b. Extraordinary Medical Expenses Md. Ann. Code. FL § 12-204(h) | | ///////////////////// | ///////////////////// | + 378 |
| c. Additional Expenses Md. Ann. Code. FL § 12-204(i) | | ///////////////////// | ///////////////////// | + 617 |
| 5. TOTAL CHILD SUPPORT OBLIGATION (Add Lines 4, 4a, 4b and 4c) | | ///////////////////// | ///////////////////// | $ 2022 |
| 6. EACH PARENT'S CHILD SUPPORT OBLIGATION (Multiply Line 3 times Line 5 for each parent) | | $ 1456 | $ 566 | ///////////////////// |
| 7. RECOMMENDED CHILD SUPPORT ORDER (Bring down amount from Line 6 for noncustodial parent only. Leave custodial parent column blank) | | $ | $ 566 | ///////////////////// |

Comments, calculations, or rebuttals to schedule or adjustments if noncustodial parent directly pays extraordinary expenses:

EXHIBIT "A"
(Page 5 of 5)

PREPARED BY: SAS

DATE 4/14/04

EXH 2

## IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND

RENU KHOSLA                              *

      PLAINTIFF                          *

      VS.                                *        CASE NO.  00-1838-CV

SANJEEV MALHOTRA                         *

      DEFENDANT                          *

               *    *    *    *    *

### ORDER

The parties, RENU MALHOTRA, Pro Se, and SANJEEV MALHOTRA, Pro Se, having appeared before the Court on the 30th day of March, 2005, on the issue of Child Support, testimony having been taken, and Exhibits having been entered, and it having been found by the Court that the Plaintiff's income (Renu Malhotra) for purposes of the Child Support Guidelines is $88,091.00 based upon Box 1 of her 2004 W-2 Wage Statement, and that the Defendant's (Sanjeev Malhotra) income for purposes of the Child Support Guidelines is $64,057.00 based upon his federal taxable wages; and it is further found that

The Plaintiff pays $285.00 per month towards health insurance for the benefit of the minor children.  Therefore, child support based upon the sole custody Child Support Guidelines is in the amount of $779.00 per month, for the two minor children; and it is further found that the additional expenses that the Plaintiff requested, are not extraordinary expenses and shall not be included in the child support calculation; and it is further

EXHIBIT "B" (page 1 of 2)

1

ORDERED, that the child support in this matter shall be modified to reflect that the Defendant, SANJEEV MALHOTRA, shall pay directly to the Plaintiff, RENU MALHOTRA, child support in the amount of $779.00 per month, using the sole custody guidelines, effective January 1, 2005; and it is further

ORDERED, that the Defendant is in arrears, through December 31, 2004, in the amount of $2,534.00; and it is further

ORDERED, that the Defendant shall pay those arrears, at the that rate of 10% of the current child support until such time as the Defendant is current; and it is further

ORDERED, that should payments be satisfactorily made, and that the Defendant shall become no more than fifteen (15) days late with any payment, that an Earnings Withholding Order shall not be issued; and it is further

ORDERED, that the Defendant is required to notify the Court within ten (10) days of any change of address or employment so long as this Order is in effect; and it is further

ORDERED, that failure to comply with this Order will subject the Defendant to a penalty not to exceed $250.00 and may result in his not receiving notice of proceedings for an Earnings Withholding Order.

EXHIBIT "B"
(page 2 of 2)

The Honorable Judge, G. Edward Dwyer, Jr.

November 16, 2005

FILED

2005 NOV 21 PM 3: 41

SANDRA K. DALTON

TRUE COPY TEST:

Sandra K. Dalton
**CLERK**

2

IN THE CIRCUIT COURT FOR FREDERICK COUNTY, MARYLAND

RENU KHOSLA                          :

      Plaintiff                    :

vs.                                  :          Case No. 00-1838-CV

SANJEEV MALHOTTRA                     :

      Defendant                    :

## EARNINGS WITHHOLDING ORDER

This cause coming before the Court on May 3, 2007, the requirements of the provisions of Maryland Family Law Code § 10-120 et seq. having been met, and the entire proceedings having been considered, it is this _15th_ day of _May_____, 2007, by the Circuit Court for Frederick County, Maryland,

ORDERED, that earnings withholding be and is hereby in effect on the earnings of the Defendant, Sanjeev Malhotra, Social Security #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, at the United States Patent and Trademark Office or any future employer of the Defendant on whom a copy of this Order is served, in the sum $779.00 in ongoing child support; and it is further

ORDERED, that the Defendant is in arrears, through April 30, 2007, in the amount of $17,711; and it is further

ORDERED, that the Defendant shall pay those arrears, at the rate of $100.00 per month until such time as the Defendant is current; and it is further

ORDERED, that if the full amount of the arrearage cannot be withheld because of the provisions of the Federal Consumer Credit Protection Act, then the maximum allowable amount shall be withheld until the entire arrearage (in addition to the current support) has been withheld; and it is further

EXHIBIT "B2" (page 1 of 2)

Page 1 of 4 - EWO - Case No. 00-1838-CV

ORDERED, that the employer shall pay the said child support withheld from the Defendant's earnings through the Maryland Child Support Account, PO Box 17396, Baltimore, MD 21297-1396, in Case No. 00-1838-CV, Frederick County; and it is further

ORDERED, that the employer may deduct and retain from the employee's wages an additional $2.00 for each deduction made under this Order; and it is further

ORDERED, that subject to Federal law, this Earnings Withholding Order has priority over any other lien or legal process; and it is further

ORDERED, that upon willful violation of this Order, the employer shall be subject to civil penalties; and it is further

ORDERED, that subject to further Orders of Court, the employer is required to withhold the stated amount on a regular and continuing basis, commencing on the beginning of the next pay period after receipt of this Order; and it is further

ORDERED, that no amount is to be withheld from the employee's earnings that is in excess of the amount permitted under the Federal Consumer Credit Protection Act, such limits being set forth in the U.S. Code, Title 15, Chapter 41, Sections 1672 and 1673, a copy of which is attached hereto; and it is further

ORDERED, that within ten (10) days after the employer receives notice of the employee's decision to terminate employment or within ten (10) days after the termination, whichever event occurs earlier, the employer shall notify the Court and the payee of said termination and forward to the Court any available information as to the employee's Social Security Number, home address, and new place of employment.

Sandra K. Dalton
CLERK
TRUE COPY TEST:

FILED

2007 MAY 16 A 10: 19

SANDRA K. DALTON

EXHIBIT "B2"
(page 2 of 2)

JUDGE, Circuit Court for
Frederick County, Maryland

Page 2 of 4 - EWO - Case No. 00-1838-CV

RECEIVED

SEP 2 0 2007

CHILD SUPPORT

*September 19, 2007*                                                                     Page 1 of 2

Mrs. Diane Gordy, Director   (Phone: 301-600-4555  and FAX: 301-600-4550)
    Frederick County, MD, Department of Social Services (DSS)
c/o 100 East All Saints Street;      Frederick, MD.  21701
<u>Attn.: Appeal of Amended EWO of June 29, 2007 for Arrears and</u>
     <u>Appeal of EWO of June 8, 2007</u>                FAXing ~~FIVE~~ (6) Pages
       RE:   CSES Case No. 120089620          w/enclosures
                   "6 pages sent" at 9:20AM
                   on WED, Sept.19, 2007 -SM

Dear Mrs. Gordy,
    I am requesting an update on the status of both my timely filed Appeals to your
office (noted above) as I have NOT seen a revised Child Support amount calculated using
the Maryland Child Support Guidelines that your office had assured me would be done
based on the gross income of both parents for years 2004, 2005, 2006 and 2007.  In
support of both my Appeals, I hereby attach a copy of two pages from the Docket of Case
#00-1838-CV wherein the Frederick County Circuit Court signed the Order (see page 55,
entry #0559000) for Three Hundred Dollars ($300.00) Credit for June 2006 that I had sent
by Certified Mail to the Mother (fka Ms. Renu Khosla) and that $300.00 Money Order was
handed over to Ms. Renu Khosla in Open Court during the August 31, 2007 hearing (see
page 56, entry #0569000).  This clearly proves that Ms. Renu Khosla LIED UNDER OATH
TO YOUR OFFICE THAT I HAD NOT PAID HER CHILD Support for May and June 2006,
when Ms. Renu Khosla REFUSED TO ACCEPT the Child Support Payments I HAD SENT
BY CERTIFIED MAIL TO HER, so this Credit should be given to me right away by your
office as was explained to me in very clear terms and as noted in my previous letters to
your office.

1. That I had already provided copies of my May 2007 Child Support Payment
   sent to the Baltimore District Office (another copy is attached herewith for
   your ready reference) showing that this Payment was made under protest via
   two money orders, one for Two Hundred and Fifty Dollars ($250.00) --- which
   is what my share of monthly child support should have been per the
   Maryland Child Support Guidelines applied based on gross income of both
   parents and about 136 overnights of visitation with me; and a second money
   order for Five Hundred and Twenty-Nine Dollars ($529.00) for a total of
   Seven Hundred and Seventy-Nine Dollars ($779.00) as the wrongly
   determined monthly support payment by NOT following the Maryland Child
   Support Guidelines.

2. As I have already informed you in my previous letters, and I quote:
   "That my employer's (US PTO's) HR staff has informed that they deducted
   the requisite child support payment of $779.00 immediately by back dating to
   the start of first pay period (#12) in June 2007 (from June 10, 2007) after
   receipt of Mrs. Stokes FAX on June 18, 2007 --- that I provided to Mrs.
   Stokes upon her request at our meeting on June 15, 2007 morning (and she
   has yet to return my phone call from June 15th afternoon when I provided that
   FAX Number to her)."            "That per my HR staff, <u>the deductions for</u>
   <u>pay periods 12 and 13 (based on 26 pay periods in a year) should have been</u>
   <u>credited towards June 2007.</u>  I hereby Appeal this determination of DSS and

*Sept. 19, 2007*     *Mrs. Diane Gordy, Director, DSS, Fred. Co., MD.*     *Page 2 of 2*

ask for a thorough checking of facts and amounts prior to garnishing any additional wages."          "That per my HR staff, based on 26 pay periods and CS deductions per year, there will be three (3) pay checks in August 2007 on August 2nd, 16th, & 30th, 2007, which shall make up any deficiencies, if there are any, without need for additional amounts garnished from my pay without a reasonable basis."

I trust and hope to receive from your office without any further delay the proper child support calculations for years 2004, 2005, 2006 and 2007 per the Maryland Child Support Guidelines using gross income of both parents and more than 128 overnights (about 136 overnights) of visitation with me in those years. As noted to your office before, I have provided the six-figure salary of Ms. Renu Khosla, at least since year 2004, as follows:

"It was my understanding from Mrs. Donna Stokes that DSS should use gross income of both parents and that you have access to those records and I have already provided copies of mother's gross income pay stubs for 2003, 2004 and 2005 from Holy Cross Hospital (HCH) to your office in my earlier Appeal, which has been determined as legitimate by DSS."          "I was not aware of Ms. Khosla's employment at Georgetown University Hospital until very recently, where she earned a six-figure salary of about One Hundred and Twenty-Four Thousand Dollars ($124,000.00) per annum in 2005, 2006, 2007 after her employment/service was terminated by Holy Cross Hospital (HCH) on March 4, 2005 and Ms. Renu Khosla FALSELY TESTIFIED UNDER OATH IN OPEN COURT on March 30th and 31st, 2005 that she was still employed at Holy Cross Hospital (HCH) at an annual salary of about Eighty-Eight Thousand Dollars ($88,091.56) when her actual Gross Income was over One Hundred & Four Thousand Dollars ($104,182.32) for previous year that should have been used in preparing the Child Support Order for year 2005 (and which is the WRONG basis/foundation for the current Earnings Withholding Order of $779.00 per month) per the agreement codified in the Judgment of Final Divorce dated June 24, 2002. In case you need copy of any document, please feel free to call me and I'll try to rush you a copy."

In closing, I request and urge for an immediate attention to this matter of my appeals that have now been pending for a few months at your office and calculate proper child support payments for these time periods:     Jan. (January) to June 2004     July to Dec. (December) 2004     Jan. (January) to Dec. (December) 2005     Jan. (January) to April 2006     May and June 2006     July to Sept. (September) 2006     Oct. (October) to Dec. (December) 2006     from Jan. (January) 2007 onwards
I thank you and your staff for your attention and time in this matter.

Sincerely,
Sanjeev Malhotra     *Sanjeev*
3484 Augusta Drive
Ijamsville, MD. 21754-9027

encl.: (a)Pages 55&56 of Court Docket
(b) Money Orders Copy ($350*&*$779*)
(c) Letter from DHR, Frederick County, CSES dated May 21,2007 thanking me for May 2007 CS Payment in full.

10-C-00-001838  Date:  09/12/07   Time: 14:52                        Page:   55

| Num/Seq | Description | Filed | Entered | Party | Jdg | Ruling | Closed | User ID |
|---------|-------------|-------|---------|-------|-----|--------|--------|---------|
| 0552000 | Emergency Line in Support of Motion to Alter, Amend and/or Revise Court Order Entered on June 22, 2007 and Motion for Injunctive Relief and copy of Commonwealth of Virginia Marriage Register | 07/18/07 | 07/19/07 | DEF001 | | TBA | | MCM |
| 0553000 | COA Notice of Receipt of Petition for Writ of Certiorari | 07/20/07 | 08/02/07 | 000 | | TBA | | LMK |
| 0554000 | Appeal Order to COA that the petition and request to stay, be and they are hereby denied as there has been no showing that review by certiorari is desirable and in the public interest. | 07/25/07 | 08/02/07 | 000 | | RMB | | LMK |
| 0555000 | Notice of Service of Discovery | 08/08/07 | 08/15/07 | PLT001 | | TBA | | LS |
| 0556000 | Line filing Financial Statement | 08/08/07 | 08/15/07 | PLT001 | | TBA | 08/15/07 | LS |
| 0557000 | Notice of Service of Discovery | 08/08/07 | 08/15/07 | PLT001 | | TBA | | LS |
| 0558000 | Motion to Compel, for Sanctions and for other Appropriate Relief | 08/10/07 | 08/15/07 | PLT001 | | TBA | | LS   LS |
| 0558001 | Response to Motion to Compel Discovery | 08/29/07 | 08/29/07 | DEF001 | | TBA | | LLC |
| (0559000) | Motion to Subsitute Copy for Money Order placed in Evidence | 08/10/07 | 08/15/07 | DEF001 | | (GED Granted) | 09/07/07 | LS   JMC |
| 0560000 | Certificate Regarding Discovery (2) Filed by Attorney: Dennis Ettlin | 08/23/07 | 08/28/07 | 000 | | TBA | | MCM |
| 0561000 | Order of Court that the Defendants Motion for Injunctive Relief is denied. Ordered that Defendant's Amended Motion to Alter, Amend and/or Revise Court Order entered 6/22/07 is denied. Ordered that the Motion to Alter, Amend and/or Revise order entered on 6/22/07 is Moot and that Plaintiff's motion to Strike is denied. | 08/29/07 | 08/29/07 | 000 | | GED | 08/29/07 | LB |
| 0562000 | Attorney Appearance Removed Dennis Ettlin | 08/29/07 | 08/29/07 | DEF001 | | TBA | 08/29/07 | LB |
| 0563000 | Notice to Employ New Counsel Issued | 08/29/07 | 08/29/07 | 000 | | TBA | 08/29/07 | LB |
| 0564000 | Attorney Appearance Filed Entering Brian Wise Counsel for Defendant | 08/29/07 | 08/29/07 | 000 | | TBA | 08/29/07 | LLC |
| 0565000 | Certificate Regarding Discovery | 08/29/07 | 08/29/07 | DEF001 | | TBA | | LLC |
| 0566000 | COA Order Granting Waiver of Filing Fee and Denying Motion for Reconsideration and request to stay. | 08/28/07 | 08/30/07 | 000 | | RMB | 08/30/07 | LMK |

10-C-00-001838    Date:  09/12/07    Time: 14:52    Page:  56

| Num/Seq | Description | Filed | Entered | Party | Jdg | Ruling | Closed | User ID |
|---------|-------------|-------|---------|-------|-----|--------|--------|---------|
| 0567000 | Notice of Service of Discovery | 08/30/07 | 08/30/07 | PLT001 | TBA | | | LS |
| 0568000 | Open Court Proceeding/Hearing Held | 08/31/07 | 09/07/07 | 000 | GED | | | JMC |
| | Case called. Arguments heard. Testimony taken. CR 1. | | | | | | | |
| 0569000 | Open Court Proceeding/Hearing Held | 08/31/07 | 09/07/07 | 000 | GED | | | JMC |
| | Case called. Order to Replace check is granted. Check is given | | | | | | | |
| | to the Plt in Court. Testimoney taken. CR 1. | | | | | | | |
| 0570000 | Open Court Proceeding/Hearing Held | 09/04/07 | 09/07/07 | 000 | GED | | | JMC |
| | Case called. Testimony taken. Arguments heard. Deft's Motion | | | | | | | |
| | to Modify is denied. Sole legal and physical custody is to | | | | | | | |
| | remain with the Plt. The Court reserves on the following issues: | | | | | | | |
| | attorney's fees, allocation to Dr Gibian and Atty Muusselman, | | | | | | | |
| | cost of travel for this hearing. Visitation schedule set. | | | | | | | |
| | Child's Atty Motion to seal Plt's exhibits 5 and 7, Deft's | | | | | | | |
| | exhibits 1 and 2 and the Joint exhibits 1 and 2 is granted. CR | | | | | | | |
| | 1. | | | | | | | |

## SERVICE

| Form Name | Issued | Response | Served | Returned | Agency |
|-----------|--------|----------|--------|----------|--------|
| Writ of Summons | 08/22/00 | 09/29/00 | 08/30/00 | | Prps |
| DEF001 Malhotra, Sanjeev | | | | | |

## TICKLE

| Code | Tickle Name | Status | Expires | #Days | AutoExpire | GoAhead | From | Type | Num | Seq |
|------|-------------|--------|---------|-------|------------|---------|------|------|-----|-----|
| 1ANS | 1st Answer Tickle | OPEN | 12/16/02 | 0 | no | no | MOPP | D | 118 | 001 |
| 35AS | 35 Day Tickle After | CANCEL | 10/21/00 | 35 | no | no | MOPP | D | 000 | 000 |
| CTOS | Create Tickle On Ser | CANCEL | 08/22/00 | 0 | no | no | | | 000 | 000 |
| DORD | Order Tickle | CANCEL | 04/06/06 | 30 | no | no | DOCP | D | 378 | 000 |
| DORD | Order Tickle | OPEN | 06/02/07 | 30 | no | no | DOCP | D | 519 | 000 |
| EHRG | Emergency Hearing | OPEN | 09/30/01 | 10 | no | no | DREH | D | 050 | 000 |
| EXPU | Exhibit Pickup Notic | OPEN | 10/15/04 | 30 | no | no | DOCP | D | 264 | 000 |
| NCDT | Notice Of Contemplat | CANCEL | 12/20/00 | 120 | no | no | CTOS | T | 000 | 000 |
| SLIL | Set List - Informati | CANCEL | 09/08/00 | 0 | no | no | DCAM | D | 011 | 000 |



To: MD. Child Support Account, CSES #120089620

AGT 208885 LOC 000000 DT 042707 $250.00 **2HUNDRED50DOLLARS **
AND NO CENTS*****************************************

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Integrated Payment Systems Inc. (IPS) need not stop payment on, or
replace, or refund a lost or stolen IPS Money Order unless (1) you fill in the face of the Money Order at the time of purchase,
and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately, and (3) You provide IPS with this
original Money Order receipt issued by Integrated Payment Systems Inc., Englewood, Colorado. For customer service, call
1-800-999-9660.

* 0 8 7 1 5 0 4 5 9 7 6 *

CSES #120089620







To: MD. Child Support Account, CSES #120089620

AGT 208885 LOC 000000 DT 042707 $529.00 **5HUNDRED29DOLLARS **
AND NO CENTS*****************************************

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT
INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Integrated Payment Systems Inc. (IPS) need not stop payment on, or
replace, or refund a lost or stolen IPS Money Order unless (1) you fill in the face of the Money Order at the time of purchase,
and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately, and (3) You provide IPS with this
original Money Order receipt issued by Integrated Payment Systems Inc., Englewood, Colorado. For customer service, call
1-800-999-9660.

* 0 8 7 1 5 0 4 5 9 7 7 *

CSES #120089620



**State of Maryland**

*Maryland's Human Services Agency*
*An Equal Opportunity Employer*

# FREDERICK COUNTY DEPARTMENT OF SOCIAL SERVICES
## CHILD SUPPORT ENFORCEMENT DIVISION

_____ 5/1/07 _____
Date

*Sanjeev Malhotra*
*3484 Augusta Dr*
*Ijamsville, Md 21754*

Dear _____*Sanjeev*_____:

    Thank you for your child support payment, which was recently received on your case. We appreciate the timely manner in which the payment was made and hope that you will continue making payments in this manner.

    If you are going to be making payments through an earnings withholding order, continue making payments on your own until your employer begins making deductions from your paycheck.

With appreciation,

*Ed Buell*

Frederick County
Child Support Enforcement Division

October 4, 2007                    *By Hand Delivery*                    *Page 1 of 1*

Mrs. Diane Gordy, Director   (Phone: 301-600-4555   and FAX: 301-600-4550)
       Frederick County, MD, Department of Social Services (DSS)
c/o 100 East All Saints Street;     Frederick, MD.  21701

Attn.:  Appeal of Amended EWO of June 29, 2007 for Arrears and
          Appeal of EWO of June 8, 2007

RE: CSES case #120089620---Petition for a Hearing before Administrative Law Judge

Dear Mrs. Gordy,

    I am requesting a Hearing before an Administrative Law Judge in reference to my two (2) Appeals referenced above.  I would appreciate that this Hearing be set up at the earliest opportunity.  As noted in my previous letters to your office and timely Appeals filed in this matter, I cannot wait any longer while the other party keeps making false accusations and I have yet to receive your office's calculations of Child Support by following the Maryland Child Support Guidelines for years 2004, 2005, 2006 and 2007.  I am also requesting copies of any documents submitted by the other party to your office in this matter since January 2007 until the present date.

    In closing, I request and urge for an immediate attention to this matter of my appeals that have now been pending for a few months at your office and even though I was assured by your staff that such action will take place immediately after I met with her (Mrs. Donna Stokes) on June 15th, 2007, nothing has happened in the last four months.

    I thank you and your staff for your attention and time in this matter.

Sincerely,

Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD.  21754-9027

RECEIVED

OCT - 4 2007

CHILD SUPPORT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTIRCT OF COLUMBIA

SANJEEV MALHOTRA

  r/o   3484 Augusta Drive

       Ijamsville,  Maryland  21754-9027

  Plaintiff


    vs.                                    Civil Action No.:    (TBA)


GREGORY M. RYAN and RENU KHOSLA RYAN

     and/or their Agents/Assignees

AND Department of Social Services, Frederick County, Maryland

  Defendant


### LOCAL RULE 65.1 showing the

### PLAINTIFF'S PROVIDING OF DOCUMENTS


Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this pleading pursuant

to Local Rule 65.1 showing the Plaintiff's Providing of Documents to Support the

Temporary Restraining Order against the enforcement of child support order of 21st

November 2005 of Circuit Court for Maryland in Frederick County, Maryland upon

# ORIGINAL

misrepresentation by the Defendant to various agencies, and the subsequent earnings withholding order (EWO) based upon the said erroneous child support order, and in support thereof, states as follows:

1. That the *pro-se* Plaintiff was not given any notice of withholding of the federal tax refund in response to his timely filed Notices of Appeal to the Department of Social Services, Frederick County, Maryland and request for a hearing before an Administrative Law Judge.

2. That the *pro-se* Plaintiff hereby provides a copy of the 6-page document dated September 19, 2007 sent to Director of the Department of Social Services, Frederick County, Maryland by facsimile (FAX) and it was hand delivered also.

3. That the *pro-se* Plaintiff hereby provides a copy of the 1-page document dated October 4, 2007 that was hand delivered to the Director of the Department of Social Services, Frederick County, Maryland.

4. That the pro-se Plaintiff has NOT received any reply, till date, from the Director of the Department of Social Services, Frederick County, Maryland about either of the two documents mentioned above or many other documents filed prior to the above two-mentioned documents.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

March 12, 2008

Respectfully submitted by:

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD.  21754-9027

Home Phone:  (301) 865-3474

3

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTIRCT OF COLUMBIA

SANJEEV MALHOTRA

r/o    3484 Augusta Drive

      Ijamsville,  Maryland  21754-9027

    Plaintiff


vs.                                                                    Civil Action No.:


GREGORY M. RYAN and RENU KHOSLA RYAN

    and/or their Agents/Assignees

AND Department of Social Services, Frederick County, Maryland

    Defendant


## LOCAL RULE 65.1 showing the

## PLAINTIFF'S PROVIDING OF DOCUMENTS


Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this pleading pursuant

to Local Rule 65.1 showing the Plaintiff's Providing of Documents to Support the

Temporary Restraining Order against the enforcement of child support order of 21st

November 2005 of Circuit Court for Maryland in Frederick County, Maryland upon

ORIGINAL

misrepresentation by the Defendant to various agencies, and the subsequent

earnings withholding order (EWO) based upon the said erroneous child support

order, and in support thereof, states as follows:

1. That the *pro-se* Plaintiff was not given any notice of withholding of the federal

   tax refund in response to his timely filed Notices of Appeal to the Department

   of Social Services, Frederick County, Maryland and request for a hearing

   before an Administrative Law Judge.

2. That the *pro-se* Plaintiff hereby provides a copy of the 6-page document

   dated September 19, 2007 sent to Director of the Department of Social

   Services, Frederick County, Maryland by facsimile (FAX) and it was hand

   delivered also.

3. That the *pro-se* Plaintiff hereby provides a copy of the 1-page document

   dated October 4, 2007 that was hand delivered to the Director of the

   Department of Social Services, Frederick County, Maryland.

4. That the pro-se Plaintiff has NOT received any reply, till date, from the

   Director of the Department of Social Services, Frederick County, Maryland

   about either of the two documents mentioned above or many other

   documents filed prior to the above two-mentioned documents.

5. That the pro-se Plaintiff has sent a notice of filing this TRO dated March 14, 2008 to the Director of DSS in Frederick County, Maryland as shown on the attached copy.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

March 16, 2008

Respectfully submitted by:

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD. 21754-9027

Home Phone: (301) 865-3474

3

RECEIVED

SEP 2 0 2007

*September 19, 2007*                    CHILD SUPPORT                    *Page 1 of 2*

Mrs. Diane Gordy, Director   (Phone: 301-600-4555  and FAX: 301-600-4550)
    Frederick County, MD, Department of Social Services (DSS)
c/o 100 East All Saints Street;    Frederick, MD. 21701
<u>Attn.: Appeal of Amended EWO of June 29, 2007 for Arrears and</u>
       <u>Appeal of EWO of June 8, 2007</u>            FAXing 5~~YW~~ (6) Pages
          RE:   CSES Case No. 120089620        *w/enclosures*
                                       *"6 pages sent at 9:20AM*
                                     *on WED, Sept-19, 2007 -SM*

Dear Mrs. Gordy,

    I am requesting an update on the status of both my timely filed Appeals to your office (noted above) as I have NOT seen a revised Child Support amount calculated using the Maryland Child Support Guidelines that your office had assured me would be done based on the gross income of both parents for years 2004, 2005, 2006 and 2007. In support of both my Appeals, I hereby attach a copy of two pages from the Docket of Case #00-1838-CV wherein the Frederick County Circuit Court signed the Order (see page 55, entry #0559000) for Three Hundred Dollars ($300.00) Credit for June 2006 that I had sent by Certified Mail to the Mother (fka Ms. Renu Khosla) and that $300.00 Money Order was handed over to Ms. Renu Khosla in Open Court during the August 31, 2007 hearing (see page 56, entry #0569000). This clearly proves that Ms. Renu Khosla LIED UNDER OATH TO YOUR OFFICE THAT I HAD NOT PAID HER Child Support for May and June 2006, when Ms. Renu Khosla REFUSED TO ACCEPT the Child Support Payments I HAD SENT BY CERTIFIED MAIL TO HER, so this Credit should be given to me right away by your office as was explained to me in very clear terms and as noted in my previous letters to your office.

1. That I had already provided copies of my May 2007 Child Support Payment sent to the Baltimore District Office (another copy is attached herewith for your ready reference) showing that this Payment was made under protest via two money orders, one for Two Hundred and Fifty Dollars ($250.00) --- which is what my share of monthly child support should have been per the Maryland Child Support Guidelines applied based on gross income of both parents and about 136 overnights of visitation with me; and a second money order for Five Hundred and Twenty-Nine Dollars ($529.00) for a total of Seven Hundred and Seventy-Nine Dollars ($779.00) as the wrongly determined monthly support payment by NOT following the Maryland Child Support Guidelines.

2. As I have already informed you in my previous letters, and I quote: "That my employer's (US PTO's) HR staff has informed that they deducted the requisite child support payment of $779.00 immediately by back dating to the start of first pay period (#12) in June 2007 (from June 10, 2007) after receipt of Mrs. Stokes FAX on June 18, 2007 --- that I provided to Mrs. Stokes upon her request at our meeting on June 15, 2007 morning (and she has yet to return my phone call from June 15th afternoon when I provided that FAX Number to her)."            "That per my HR staff, <u>the deductions for pay periods 12 and 13 (based on 26 pay periods in a year) should have been credited towards June 2007</u>. I hereby Appeal this determination of DSS and

ask for a thorough checking of facts and amounts prior to garnishing any additional wages."             "That per my HR staff, based on 26 pay periods and CS deductions per year, there will be three (3) pay checks in August 2007 on August 2nd, 16th, & 30th, 2007, which shall make up any deficiencies, if there are any, without need for additional amounts garnished from my pay without a reasonable basis."

I trust and hope to receive from your office without any further delay the proper child support calculations for years 2004, 2005, 2006 and 2007 per the Maryland Child Support Guidelines using gross income of both parents and more than 128 overnights (about 136 overnights) of visitation with me in those years. As noted to your office before, I have provided the six-figure salary of Ms. Renu Khosla, at least since year 2004, as follows:

"It was my understanding from Mrs. Donna Stokes that DSS should use gross income of both parents and that you have access to those records and I have already provided copies of mother's gross income pay stubs for 2003, 2004 and 2005 from Holy Cross Hospital (HCH) to your office in my earlier Appeal, which has been determined as legitimate by DSS."             "I was not aware of Ms. Khosla's employment at Georgetown University Hospital until very recently, where she earned a six-figure salary of about One Hundred and Twenty-Four Thousand Dollars ($124,000.00) per annum in 2005, 2006, 2007 after her employment/service was terminated by Holy Cross Hospital (HCH) <u>on March 4, 2005</u> and Ms. Renu Khosla <u>FALSELY TESTIFIED UNDER OATH IN OPEN COURT on March 30th and 31st, 2005</u> that she was still employed at Holy Cross Hospital (HCH) at an annual salary of about Eighty-Eight Thousand Dollars ($88,091.56) when her actual Gross Income was over One Hundred & Four Thousand Dollars ($104,182.32) for previous year that should have been used in preparing the Child Support Order for year 2005 (and which is the WRONG basis/foundation for the current Earnings Withholding Order of $779.00 per month) per the agreement codified in the Judgment of Final Divorce dated June 24, 2002. In case you need copy of any document, please feel free to call me and I'll try to rush you a copy."

In closing, I request and urge for an immediate attention to this matter of my appeals that have now been pending for a few months at your office and calculate proper child support payments for these time periods:      Jan. (January) to June 2004      July to Dec. (December) 2004      Jan. (January) to Dec. (December) 2005      Jan. (January) to April 2006      May and June 2006      July to Sept. (September) 2006      Oct. (October) to Dec. (December) 2006      from Jan. (January) 2007 onwards

I thank you and your staff for your attention and time in this matter.

Sincerely,
Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD. 21754-9027

encl. : (a) Pages 55 & 56 of Court Docket
        (b) Money Orders Copy ($250 & $529)
        (c) Letter from DHR, Frederick County,
            CSES dated May 2, 2007 thanking
            me for May 2007 CS Payment in Full

10-C-00-001838   Date:  09/12/07   Time: 14:52                    Page:   55

| Num/Seq | Description | Filed | Entered | Party | Jdg | Ruling | Closed | User ID |
|---------|-------------|-------|---------|-------|-----|--------|--------|---------|
| 0552000 | Emergency Line in Support of Motion to Alter, Amend and/or Revise Court Order Entered on June 22, 2007 and Motion for Injunctive Relief and copy of Commonwealth of Virginia Marriage Register | 07/18/07 | 07/19/07 | DEF001 | | TBA | | MCM |
| 0553000 | COA Notice of Receipt of Petition for Writ of Certiorari | 07/20/07 | 08/02/07 | 000 | | TBA | | LMK |
| 0554000 | Appeal Order to COA that the petition and request to stay, be and they are hereby denied as there has been no showing that review by certiorari is desirable and in the public interest. | 07/25/07 | 08/02/07 | 000 | | RMB | | LMK |
| 0555000 | Notice of Service of Discovery | 08/08/07 | 08/15/07 | PLT001 | | TBA | | LS |
| 0556000 | Line filing Financial Statement | 08/08/07 | 08/15/07 | PLT001 | | TBA | 08/15/07 | LS |
| 0557000 | Notice of Service of Discovery | 08/08/07 | 08/15/07 | PLT001 | | TBA | | LS |
| 0558000 | Motion to Compel, for Sanctions and for other Appropriate Relief | 08/10/07 | 08/15/07 | PLT001 | | TBA | | LS  LS |
| 0558001 | Response to Motion to Compel Discovery | 08/29/07 | 08/29/07 | DEF001 | | TBA | | LLC |
| (0559000) | Motion to Subsitute Copy for Money Order placed in Evidence | 08/10/07 | 08/15/07 | DEF001 | | (GED Granted) | 09/07/07 | LS  JMC |
| 0560000 | Certificate Regarding Discovery (2) Filed by Attorney: Dennis Ettlin | 08/23/07 | 08/28/07 | 000 | | TBA | | MCM |
| 0561000 | Order of Court that the Defendants Motion for Injunctive Relief is denied. Ordered that Defendant's Amended Motion to Alter, Amend and/or Revise Court Order entered 6/22/07 is denied. Ordered that the Motion to Alter, Amend and/or Revise order entered on 6/22/07 is Moot and that Plaintiff's motion to Strike is denied. | 08/29/07 | 08/29/07 | 000 | | GED | 08/29/07 | LB |
| 0562000 | Attorney Appearance Removed Dennis Ettlin | 08/29/07 | 08/29/07 | DEF001 | | TBA | 08/29/07 | LB |
| 0563000 | Notice to Employ New Counsel Issued | 08/29/07 | 08/29/07 | 000 | | TBA | 08/29/07 | LB |
| 0564000 | Attorney Appearance Filed Entering Brian Wise Counsel for Defendant | 08/29/07 | 08/29/07 | 000 | | TBA | 08/29/07 | LLC |
| 0565000 | Certificate Regarding Discovery | 08/29/07 | 08/29/07 | DEF001 | | TBA | | LLC |
| 0566000 | COA Order Granting Waiver of Filing Fee and Denying Motion for Reconsideration and request to stay. | 06/28/07 | 08/30/07 | 000 | | RMB | 08/30/07 | LMK |

10-C-00-001838   Date:  09/12/07   Time:  14:52                                    Page:   56

| Num/Seq | Description | Filed | Entered | Party | Jdg | Ruling | Closed | User ID |
|---------|-------------|-------|---------|-------|-----|--------|--------|---------|

0567000 Notice of Service of Discovery       08/30/07 08/30/07 PLT001 TBA                          LS

0568000 Open Court Proceeding/Hearing Held   08/31/07 09/07/07 000    GED                         JMC
        Case called.  Arguments heard.  Testimony taken.  CR 1.

0569000 Open Court Proceeding/Hearing Held   08/31/07 09/07/07 000    GED                         JMC
        Case called.  Order to Replace check is granted.  Check is given
        to the Plt in Court.  Testimoney taken.  CR 1.

0570000 Open Court Proceeding/Hearing Held   09/04/07 09/07/07 000    GED                         JMC
        Case called.  Testimony taken.  Arguments heard.  Deft's Motion
        to Modify is denied.  Sole legal and physical custody is to
        remain with the Plt.  The Court reserves on the following issues:
        attorney's fees, allocation to Dr Gibian and Atty Muusselman,
        cost of travel for this hearing.  Visitation schedule set.
        Child's Atty Motion to seal Plt's exhibits 5 and 7, Deft's
        exhibits 1 and 2 and the Joint exhibits 1 and 2 is granted.  CR
        1.


### SERVICE

| Form Name | Issued | Response | Served | Returned | Agency |
|-----------|--------|----------|--------|----------|--------|
| Writ of Summons | 08/22/00 | 09/29/00 | 08/30/00 | | Prps |
| DEF001 Malhotra, Sanjeev | | | | | |


### TICKLE

| Code | Tickle Name | Status | Expires | #Days | AutoExpire | GoAhead | From | Type | Num | Seq |
|------|-------------|--------|---------|-------|------------|---------|------|------|-----|-----|
| 1ANS | 1st Answer Tickle | OPEN | 12/16/02 | 0 | no | no | MOPP | D | 118 | 001 |
| 35AS | 35 Day Tickle After | CANCEL | 10/21/00 | 35 | no | no | MOPP | D | 000 | 000 |
| CTOS | Create Tickle On Ser | CANCEL | 08/22/00 | 0 | no | no | | | 000 | 000 |
| DORD | Order Tickle | CANCEL | 04/06/06 | 30 | no | no | DOCP | D | 378 | 000 |
| DORD | Order Tickle | OPEN | 06/02/07 | 30 | no | no | DOCP | D | 519 | 000 |
| EHRG | Emergency Hearing | OPEN | 09/30/01 | 10 | no | no | DREH | D | 050 | 000 |
| EXPU | Exhibit Pickup Notic | OPEN | 10/15/04 | 30 | no | no | DOCP | D | 264 | 000 |
| NCDT | Notice Of Contemplat | CANCEL | 12/20/00 | 120 | no | no | CTOS | T | 000 | 000 |
| SLIL | Set List - Informati | CANCEL | 09/08/00 | 0 | no | no | DCAM | D | 011 | 000 |



To: MD. Child Support Account, CSES #120089620

AGT 208885 LOC 000000 DT 042707 $250.00 **2HUNDRED50DOLLARS ** AND NO CENTS*********************************************

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Integrated Payment Systems Inc. (IPS) need not stop payment on, or replace, or refund a lost or stolen IPS Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately, and (3) You provide IPS with this original Money Order receipt issued by Integrated Payment Systems Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

CSES #120089620

* 0 8 7 1 5 0 4 5 9 7 6 *







To: MD. Child Support Account, CSES #120089620

AGT 208885 LOC 000000 DT 042707 $529.00 **5HUNDRED29DOLLARS ** AND NO CENTS*********************************************

Payable to:
RETAIN THIS MONEY ORDER RECEIPT. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.
PURCHASE AGREEMENT: You the purchaser agree that Integrated Payment Systems Inc. (IPS) need not stop payment on, or replace, or refund a lost or stolen IPS Money Order unless (1) you fill in the face of the Money Order at the time of purchase, and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately, and (3) You provide IPS with this original Money Order receipt issued by Integrated Payment Systems Inc., Englewood, Colorado. For customer service, call 1-800-999-9660.

CSES #120089620

* 0 8 7 1 5 0 4 5 9 7 7



State of Maryland

*Maryland's Human Services Agency*
*An Equal Opportunity Employer*

### FREDERICK COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD SUPPORT ENFORCEMENT DIVISION

_____ 5/1/07 _____
Date

*Sanjeev Malhotra*
*3454 Augusta Dr*
*Ijamsville, Md 21754*

Dear _____*Sanjeev*_____ :

Thank you for your child support payment, which was recently received on your case. We appreciate the timely manner in which the payment was made and hope that you will continue making payments in this manner.

If you are going to be making payments through an earnings withholding order, continue making payments on your own until your employer begins making deductions from your paycheck.

With appreciation,

*Ed Buell*

Frederick County
Child Support Enforcement Division

October 4, 2007              _By Hand Delivery_              *Page 1 of 1*

Mrs. Diane Gordy, Director   (Phone: 301-600-4555   and FAX: 301-600-4550)
     Frederick County, MD, Department of Social Services (DSS)
c/o 100 East All Saints Street;     Frederick, MD.  21701

<u>Attn.:  Appeal of Amended EWO of June 29, 2007 for Arrears and
        Appeal of EWO of June 8, 2007</u>

RE: CSES case #120089620---Petition for a Hearing before Administrative Law Judge

Dear Mrs. Gordy,

     I am requesting a Hearing before an Administrative Law Judge in reference to my
two (2) Appeals referenced above.  I would appreciate that this Hearing be set up at the
earliest opportunity.  As noted in my previous letters to your office and timely Appeals filed
in this matter, I cannot wait any longer while the other party keeps making false
accusations and I have yet to receive your office's calculations of Child Support by
following the Maryland Child Support Guidelines for years 2004, 2005, 2006 and 2007.  I
am also requesting copies of any documents submitted by the other party to your office in
this matter since January 2007 until the present date.

     In closing, I request and urge for an immediate attention to this matter of my
appeals that have now been pending for a few months at your office and even though I
was assured by your staff that such action will take place immediately after I met with her
(Mrs. Donna Stokes) on June 15th, 2007, nothing has happened in the last four months.

     I thank you and your staff for your attention and time in this matter.

Sincerely,

Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD.  21754-9027

RECEIVED

OCT - 4 2007

CHILD SUPPORT

March 14, 2008

Mrs. Diane Gordy, Director   (Phone:  301-600-4555   and FAX:  301-600-4550)
     Frederick County, MD, Department of Social Services (DSS)
c/o    100 East All Saints Street;
      Frederick, MD.   21701

          RE:   Filing of TRO in US District Court

Respected Mrs. Gordy,

This letter is written to inform you that I am filing a Motion in US District Court for a
Temporary Restraining Order (TRO) against the apparent actions of the Department
of Social Services (DSS), wherein DSS did Not even bother to give me a reply to
umpteen letters and my timely filed Appeals of EWO and Arrearages in your CSES
Case No. 120089620.  A copy of my Motion for a TRO is attached herewith.

I hereby request a copy of ALL correspondence received by DSS from any entity in
this matter so far till date.  Additionally, I would request that DSS provide me with a
copy of any letters/motions/pleadings, etc. that DSS sends to any one else in this
child support matter from this date onwards.

Sincerely,

Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD.  21754-9027