## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTIRCT OF COLUMBIA

SANJEEV MALHOTRA, *pro-se*

   Plaintiff

VS.                              *Civil Action No.:*        08-00470 $R E W$

GREGORY M. RYAN and RENU K. RYAN

  and/or their Agents/Assignees

AND Dept of Social Services, Frederick Co., MD

   Defendant

## SUPPLEMENT ATTACHMENTS to the TRO and/or COMPLAINT
## SEEKING DAMAGES AND STAY OF THE WRONG EWO AND
## STAY OF THE WITHHOLDING OF FEDERAL TAXES

Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files these Supplement

Attachments to the TRO and/or Complaint Seeking Damages and Stay of the

Wrong EWO (Earnings Withholding Order) and Stay of the Withholding of Federal

Taxes based upon misrepresentation by the Defendant to various agencies, and in

support thereof, states as follows:

1. That the *pro-se* Plaintiff Malhotra had inadvertently left out these Supplement Attachments to the TRO and/or the COMPLAINT, both of which were filed simultaneously two business days ago on Wednesday, March 19, 2008, and that the Summons given by the Clerk of the US District Court on March 19, 2008 for the Defendant are to be served upon the defendant within one hundred and twenty (120) days after that filing date.

2. That the following Attachments are attached herewith as a Supplement to the TRO and/or COMPLAINT filed simultaneously two business days ago on March 19, 2008 by the *pro-se* Plaintiff Malhotra:

(a)      Copy of the **Envelope's Metered Post Mark** from the "Clerk of Circuit Court for Frederick County", Maryland showing that the Order docketed on November 21st, 2005  (its copy was already attached in the TRO filed by the *pro-se* Plaintiff Malhotra simultaneously with the COMPLAINT two business days ago on  Wednesday, 19th March, 2008) **was mailed to the *pro-se* Plaintiff Malhotra on "NOV 22(,) 2005"** (Page No. 2815 from the COSA -- Court Of Special Appeals for State of Maryland -- files in Annapolis);

(b)      Copy of pamphlet **"How is Child Support Calculated?" (No. 10/04 -- FAMCS3)** published by the Maryland Judiciary, Department of Family Administration, Administrative Office of the Courts, 580 Taylor Avenue, Annapolis, MD. 21401 that clearly states that the Uniform "Child Support

2

Guidelines" take "each parent's gross income" into account as the very first point on this pamphlet;

(c)    Copy of Defendant's (Renu Khosla, who was then Not married to Mr. Gregory M. Ryan) last pay check for Year 2004 dated "12/30/04" (i.e., dated December 30th, 2004) from Holy Cross Hospital (her employer then) showing **her "TOTAL GROSS earnings" to be more than One Hundred and Four Thousand & One Hundred and Eighty-Two Dollars ($104,182.32 exactly)** and her "FED. TAXABLE GROSS earnings" to be over Eighty-Eight Thousand & Ninety-One Dollars ($88,091.56 actually) in the "YTD" (Year To Date) row towards the bottom of this page circled as items (1) and (2), respectively, and **that it was the lower item (2) of Federal Taxable gross earnings of Eighty-Eight Thousand & Ninety-One Dollars only ($88,091.00 by rounding-off) that was used IN ERROR in the child support Order of November 21st, 2005 when it should have been the item (1) TOTAL GROSS earnings of Renu Khosla of more than One Hundred and Four Thousand & One Hundred and Eighty-Two Dollars ($104,182.32 exactly) that should have been used in the aforesaid Order to be consistent with the Uniform Child Support Guidelines;**

(d)    Copy of letter dated "April 19, 2007" on "HOLY CROSS HOSPITAL" letter-head from "Karen B. Baxter, Director of Human Resources Operations" showing that the Defendant Renu Khosla's **"employment was terminated**

3

with Holy Cross Hospital on March 4, 2005", yet the **Defendant Renu Khosla MISREPRESENTED to the Circuit Court on March 30 and 31, 2005 under OATH that she was still employed with Holy Cross Hospital in Silver Spring, Maryland,** and that the **Defendant Renu Khosla Additionally MISREPRSENTED to the Circuit Court under OATH her gross earnings for year 2004 were over Eighty-Eight Thousand, and Ninety-One Dollars ($88,091.56 actually)** when the Defendant's actual total gross earnings were more than One Hundred and Four Thousand & One Hundred and Eighty-Two Dollars ($104,182.32 exactly);

(e)        Copy of the *pro-se* Plaintiff Malhotra's timely filed LINE on December 22, 2005 (i.e., timely filed within thirty days of the aforesaid Post Mark) titled: "LINE IN SUPPORT OF DEFENDANT'S (in the Circuit Court) MOTION FOR MODIFICATION OF CHILD SUPPORT GUIDELINES (that was also timely filed on December 6, 2005 within Ten Days of the Receipt of the aforesaid docketed Order that was received on November 26, 2005 by *pro-se* Plaintiff Malhotra in this case) FOR THE MONTH OF DECEMBER 2005" with the Circuit Court Clerk's Stamp showing that it was filed on "2005 DEC 22  P 2:25" with hand-written entry "358,000 JM" at bottom right-hand corner of this LINE (Page Nos. 2422 and  2423 from COSA files in Annapolis) and a Worksheet "for DEC. 2005 Actual" (Page No. 2424 from the COSA files) and a Worksheet "for DEC. 2005 Possible" (Page No. 2425 from the COSA files), and Both Worksheets show that by applying Uniform Child Support

4

Guidelines, the Defendant in this case would owe *pro-se* Plaintiff Malhotra either Four Hundred and Fifty-Three Dollars ($453.00) OR Three Hundred and Forty-Six Dollars ($346.00) for the month of December 2005 alone based on the *pro-se* Plaintiff Malhotra in this case having been laid off from 1st December, 2005;

(f)     Copy of the *pro-se* Plaintiff Malhotra's timely filed "MOTION FOR MODIFICATION OF CHILD SUPPORT GUIDELINES FROM THE MONTH OF JANUARY 2006 ONWARDS" filed on December 28, 2005 (Page No. 2426 from the COSA files), since the child support payment was due on the 28th of every month for the following month, and that the Worksheet attached to this aforesaid Motion (Page No. 2432) that shows that the *pro-se* Plaintiff Malhotra would be owed Five Hundred and Fifty-Nine Dollars ($559.00) per month by applying the Uniform Child Support Guidelines;

(g)     Copy of <u>Defendant's (Renu Khosla, who was then Not married to Mr. Gregory M. Ryan) last pay check for Year 2005</u> dated "03/25/05" (i.e., March 25th, 2005) <u>from Holy Cross Hospital</u> (her employer then) showing **her "TOTAL GROSS Earnings" to be more than Twenty-Six Thousand, and Three Hundred and Eighty-Three Dollars ($26,383.49 precisely)** which if calculated over two-and-a-half (2.5) months time-period by being generous even though her "employment was terminated with Holy Cross Hospital on March 4, 2005", her Monthly Gross Income for Year 2005 is calculated to be

over Ten Thousand & Five Hundred and Fifty Dollars ($10,553.28 actually),

and by using **this Ten Thousand & Five Hundred and Fifty Dollars figure**

**($10,553.00) in Worksheet on Page No. 2432 cited in the item (f) above**

**instead of Eight Thousand & Six Hundred and Eighty-Two Dollars**

**($8,682.00) used therein based on her gross earnings for Year 2004, it**

**would mean that the *pro-se* Plaintiff Malhotra would be owed even a**

**higher monthly child support amount of Six Hundred and Fifty-Seven**

**($657.00) consistent with Uniform Child Support Guidelines**;

(h)         Copy of the Worksheet dated "08 OCT., 2006" for two months of July

and August 2004 submitted by the *pro-se* Plaintiff Malhotra to the Maryland

Courts that is consistent with the Uniform Child Support Guidelines and using

the actual "Gross Income" of both parents, <u>Defendant Renu Khosla would have</u>

<u>owed the *pro-se* Plaintiff Malhotra an amount of Five Hundred and Fifty-Five</u>

<u>Dollars ($555.00) per month in child support for July and August 2004</u> as there

was NO more private FCA school for the two daughters as the Defendant Renu

Khosla had willfully removed them from the private FCA School in August 2004

with NO Notification to either *pro-se* Plaintiff Malhotra or the Circuit Court and

the total orthodontia out-of-pocket expenses for Renu Khosla were about Nine

Hundred Dollars ($902) that are shown as a monthly expense of Seventy-Five

Dollars ($75.00) instead of Defendant Renu Khosla's MISREPRESENTATION to

the Circuit Court that her out-of-pocket expenses for orthodontia were $378.00

(Three Hundred and Seventy-Eight Dollars) per month or $4,536.00 (Four

6

Thousand, Five Hundred and Thirty-Six Dollars), and based on the Circuit Court's determination in the Pendente Lite Order dated May 24, 2004 (copy already given to this Court) that stated:   "Found that the Defendant Malhotra has 136 (one-hundred and-thirty-six) overnights with the children in 2004; and the number of overnights meets the criteria for the use of the shared physical child support guidelines;", the *pro-se* Plaintiff Malhotra in this case would be owed even more amounts by Defendant Renu Khosla Ryan for the first six months of Year 2004 that were paid by the pro-se Plaintiff Malhotra to her based on her MISREPRESENTATION of $378.00 per month for orthodontia out-of-pocket expenses and the refund of almost Eleven Hundred Dollars ($1,100.00) taken by Defendant Renu Khosla Ryan from the private FCA school on or about August 23, 2004;

(i)        Copy of the Worksheet dated "08 OCT., 2006" for four months of September to December 2004 submitted by the *pro-se* Plaintiff Malhotra to the Maryland Courts that is consistent with the uniform Child Support Guidelines and using actual "Gross Income" of both parents, Defendant Renu Khosla Ryan would have owed the *pro-se* Plaintiff Malhotra an amount of One Hundred and Nine Dollars ($109.00) per month in child support for September to December 2004 as there was NO more private FCA school for the two daughters as Defendant Renu Khosla had willfully removed them from the private FCA School in August 2004 with NO notification to *pro-se* Plaintiff Malhotra or the Circuit Court and the total orthodontia out-of-pocket expenses for Renu Khosla were

about Nine Hundred Dollars ($902) that are shown as a monthly expense of Seventy-Five Dollars ($75.00) instead of Defendant Renu Khosla's MISREPRESENTATION to the Circuit Court that her out-of-pocket expenses for orthodontia were $378.00 (Three Hundred and Seventy-Eight Dollars) per month or $4,536.00 (Four Thousand, Five Hundred and Thirty-Six Dollars);

(j)     Copy of the Worksheet dated "08 OCT., 2006" for the eleven months from January to November 2005 submitted by the *pro-se* Plaintiff Malhotra to the Maryland Courts that is consistent with the Uniform Child Support Guidelines and using actual "Gross Income" of both parents, *pro-se* Plaintiff Malhotra would have owed Three Hundred and Ten Dollars ($310.00) only instead of an amount of Seven Hundred and Sixty-Nine Dollars ($769.00) per month that the *pro-se* Plaintiff Malhotra was forced to pay as arrears by the Circuit Court based on the Defendant Renu Khosla Ryan's MISREPRESENTATIONS and the November 21, 2005 child support order signed IN ERROR as an *ex-parte Order.*

(k)     Copy of the envelope mailed to the Department of Social Services (DSS) of Frederick County, Maryland showing a metered post mark of March 15, 2008 that included the March 14, 2008 letter sent to Director Diane Gordy of DSS notifying her about the filing of a TRO at the US District Court and that included with it the TRO dated March 12, 2008 (please also see that the copy of letter dated March 14, 2008 sent to Director Diane Gordy was Already Included in the Rule 65.1 Attachments filed to the US District Court on March 19, 2008).

3.  That the *pro-se* Plaintiff Malhotra seeks from the Defendant the reimbursement of all the excess child support payments described above that the *pro-se* Plaintiff Malhotra made to her that were Not owed to her, and that Defendant be asked to reimburse the *pro-se* Plaintiff Malhotra interest and penalties as well as expenses incurred by the Plaintiff Malhotra to litigate this matter to include interest and fees on loans secured by the *pro-se* Plaintiff Malhotra to pay the Erroneous child support amounts based on Defendant's misrepresentations;   and that the *pro-se* Plaintiff Malhotra seeks equitable justice to prevail in this matter and reverse the injustice meted out to *pro-se* Plaintiff Malhotra due to the Defendant engaging in misrepresentations, willfully misleading the courts and governmental authorities and Defendant's unethical conduct against the laws of the United States of America.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

March 23, 2008

Respectfully submitted by:

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD.  21754-9027

Home Phone:  301-865-3474

9

## CERTIFICATE OF SERVICE

That on this ___24th___ day of March 2008, I have included the aforesaid Supplement

Attachments to the TRO and/or Complaint Seeking Damages and Stay of Wrong

EWO (Earnings Withholding Order) and Stay of the Withholding of Federal Taxes

with the above referenced Summons to be served upon the Defendant within 120

days of the simultaneous filing of the actual Complaint and TRO on March 19, 2008.

Signed by:

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD.  21754-9027



**FREDERICK MD 217**

$ 00.37°

02 1A
0004381573   NOV 22 2005
MAILED FROM ZIPCODE 21701

Happy
Thanksgiving!

EXHIBIT "E"
(page 1 of 1)

Case Number

**SANDRA K. DALTON**
Clerk of the Circuit Court
for Frederick County
100 West Patrick Street
Frederick, MD 21701-5485

Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD 21754

217544.3027

*You are always welcome in the Clerk's Office*

2515

## Maryland Child Support Guidelines

# How is Child Support Calculated?

Since 1990, Maryland law has required that judges use mandatory guidelines to establish or modify child support orders. These Child Support Guidelines provide a formula for calculating child support based on a proportion of each parent's income.

The Child Support Guidelines take the following into account:

- each parent's gross income;
- the costs of medical insurance and child care;
- any other support the non-custodial parent is actually paying;
- alimony received or paid;
- extraordinary medical expenses; and
- other expenses such as private school costs and transportation.



The guidelines also consider the amount of time the child spends with each parent. The situation may be considered "shared" or "joint" custody and different formulas are used for each arrangement.

### Do gifts, clothing or supplies that I buy for my children count owards child support I owe?

No. These are not considered as part of your child support obligation.

## How Do the Guidelines Work?

The guidelines look similar to the worksheets and charts you use when calculating your income taxes. By filling in your information on the guideline worksheet, and then referring to a table of dollar amounts, you can estimate what you will be ordered to pay, based on your situation.

### Where Can I Get Forms?

You can obtain copies of Maryland's Child Support Guidelines and worksheets from your local circuit court clerk's office, your local child support enforcement office, the pro se assistance project, law library or the Internet.

Guidelines and worksheets can be found at www.dhr.state.md.us/csea/worksheet.htm, where you can also calculate child support online.

You can also find additional information on the Judiciary's website, at www.courts.state.md.us/family. Maryland courts will apply the guidelines in all cases, unless a party can show that to do so would be unfair and inappropriate.



A publication of the Maryland Judiciary. Provided by support of the Child Support Incentive Funds Committee, the Conference of Circuit Court Clerks and the Court Information Office. For additional copies, contact the Department of Family Administration, Admin. Office of the Courts, 580 Taylor Avenue, Annapolis, MD 21401, 410-260-1580.

**Maryland Judiciary**



10/04 FAMCS3

**Holy Cross Hospital**
1500 Forest Glen Road
Silver Spring MD 20910

Date
12/30/2004

Advice No.
327557

Deposit Amount:  **$3,147.70**

To The
Account(s) Of

S40 12570
S0001

RENU KHOSLA
515 Sylvan Ct.
Frederick, MD  21703

| DIRECT DEPOSIT DISTRIBUTION | | |
|---|---|---|
| Account Type | Account Number | Deposit Amount |
| | | $3,147.70 |
| Total: | | $3,147.70 |

NON-NEGOTIABLE

| Pay Group: | SNM-Non-exempt | Advice #: | 0327557 |
|---|---|---|---|
| Pay Begin Date: | 12/12/2004 | | |
| Pay End Date: | 12/25/2004 | Advice Date: | 12/30/2004 |

Renu Khosla
515 Sylvan Ct.
Frederick, MD 21703

| Employee ID: 701462 | | TAX DATA: | Federal | MD State |
|---|---|---|---|---|
| Department: | S4012570-Respiratory Care Services | Marital Status: | Single | Single |
| Location: | Holy Cross Hospital | Allowances: | 2 | 2 |
| Job Title: | Cert Respiratory Therapist | Addl. Pct.: | | |
| Pay Rate: | $21.500000 Hourly | Addl. Amt.: | | |

Status/Stnd Hours:  Full Time   80.00

### HOURS AND EARNINGS (* Does not add to gross)

| Description | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| Regular Pay | 21.500000 | 71.90 | 1,545.85 | 2047.80 | 40,645.32 |
| 2nd Shift Differential | | 63.80 | 130.15 | 1422.50 | 2,620.39 |
| Overtime | 21.500000 | 58.40 | 2,034.03 | 1409.90 | 45,266.25 |
| HC Experience Pay @ $1.10 | | | | 152.24 | 944.46 |
| 3rd Shift Differential | | 74.60 | 190.23 | 1898.30 | 4,351.31 |
| Holiday Worked | 21.500000 | 8.10 | 261.23 | 66.60 | 2,012.45 |
| Charge Pay | | 8.00 | 6.80 | 500.00 | 377.40 |
| Call $5.00 | 5.000000 | 16.00 | 80.00 | 428.00 | 2,140.00 |
| W/E Premium | | 66.30 | 112.71 | 1468.30 | 2,257.97 |
| PTO Used | | 0.00 | | 39.60 | 777.30 |
| Training (Required) | | 0.00 | | 6.00 | 117.77 |
| HC Experience Pay @ $1.00 | | 0.00 | | | 2,671.70 |
| **Total:** | | | **4,513.24** | | **104,182.32** |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 970.59 | 16,677.77 |
| Fed MED/EE | 65.44 | 1,465.83 |
| Fed OASDI/EE | 0.00 | 5,449.80 |
| MD Withholdng | 329.51 | 6,199.94 |
| **Total:** | **1,365.54** | **29,793.34** |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Flex Credit | 0.00 | 7,633.11- |
| 403b | 0.00 | 13,000.00 |
| HCH PPO Premium | 0.00 | 9,200.92 |
| Delta Dental | 0.00 | 944.27 |
| Vision Plan-Spectera | 0.00 | 179.39 |
| Basic Life Insurance | 0.00 | 54.60 |
| Supplemental Life AD/D | 0.00 | 133.90 |
| Long Term Disability 50% | 0.00 | 118.75 |
| Medical Reimbursement Plan | 0.00 | 199.94 |
| **Total:** | **0.00** | **16,198.66** |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| **Total:** | **0.00** | **0.00** |

### EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Supplemental Life AD/D* | 0.00 | 107.90 |

* Taxable

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 4,513.24 | 4,513.24 | 1,365.54 | 0.00 | 3,147.70 |
| YTD: | 104,182.32 | 88,091.56 | 29,793.34 | 16,198.66 | 58,190.32 |

### LEAVE BALANCES

| | Earned/PP | Taken/PP | Adjusted/PP | Balance |
|---|---|---|---|---|
| PTO | 8.62 | | | |
| SIC | | | | 198.92 |

### NET PAY DISTRIBUTION

| Advice #0327557 | 3,147.70 |
|---|---|
| Total: | 3,147.70 |

MESSAGE:

*Year To Date*

*Item (1) is $104,182.32 "TOTAL GROSS earnings"*

*Item (2) is $88,091.56 "FED. TAXABLE GROSS earnings"*



**HOLY CROSS HOSPITAL**

1500 Forest Glen Road
Silver Spring, MD
20910-1484
**(301) 754-7000**
www.holycrosshealth.org

April 19, 2007

To Whom It May Concern:

This letter is to verify that Renu Khosla (formerly Renu Malhotra) was employed with Holy Cross Hospital on April 06, 1998 in the position of Certified Respiratory Therapist in the Respiratory Care Services Department. This was a full-time position. Ms. Khosla's employment was terminated with Holy Cross Hospital on March 4, 2005.

Please contact me with any questions at (301) 754-7036.

Sincerely,

Karen B. Baxter
Director of Human Resources Operations

Holy Cross Hospital. Experts in Medicine, Specialists in Caring.

## IN THE CIRCUIT COURT FOR FREDERICK COUNTY OF MARYLAND

Renu Malhotra
aka Ms. Renu Khosla, Plaintiff

vs.                                          Case No. 00-1838-CV

Sanjeev Malhotra, Defendant

### LINE IN SUPPORT OF DEFENDANT'S
### MOTION FOR MODIFICATION OF CHILD SUPPORT
### GUIDELINES FOR THE MONTH OF DECEMBER 2005

Comes now, Sanjeev Malhotra, Defendant representing himself pro-se and respectfully files this LINE in Support for Defendant's Motion for Modification of Child Support Guidelines for the Month of December 2005, and submits as follows:

1. That the Defendant now files the Child Support Worksheets for the month of December 2005 as indicated in his Motion for Modification of Child Support Guidelines for the Month of December filed to this Honorable Court on December 20th, 2005.

2. That as noted in Defendant's Motion filed to this Court on December 20th, 2005, based on his one-week severance (40.0 hours) and another 5.5 hours as his salary for the month of December 2005 received from his former employer, the child support calculations are shown in the attached Worksheet for child support as Exhibit "A"; and that the attached Exhibit "A" shows that the Defendant is owed Four-Hundred-and-Fifty-Three-Dollars ($453.00) by the Plaintiff for the month of December 2005.

3. That, further, even though the Defendant may not receive any unemployment insurance due to interstate claims, any possibility of such unemployment insurance will be only for two weeks of December 2005 once a final determination is made later in January 2006.

4. That the Defendant had paid, in good faith, more than his share of child support for the month of December 2005 mailed to the Plaintiff on November 28th, 2005 based on no benefits from his former employer other than mentioned above and zero amount so far from the unemployment insurance claim.

5. That the Defendant incorporates by reference his Motions and Lines filed to the Honorable Circuit Court in the child support matter leading up to the hearing of March 31, 2005 and since then all his Motions and Lines leading up to the hearing on October 20th, 2005, and Motions filed thereafter upto December 21st, 2005.

6. That there has been a material change in the Defendant's employment status for the month of December 2005 effective from December 1st, 2005 per the Defendant's intimation in his LINE filed to this Honorable Court on December 2, 2005.

7. That based on the possibility of unemployment insurance benefits for two weeks of December 2005 at the rate of $323.00 per week — Not received by Defendant yet — the Defendant has attached child support calculations for the month of December

358, 000
fm

2005 as shown in the attached Worksheet for child support as Exhibit "B"; and that Exhibit "B" shows that the Defendant is owed Three-Hundred-and-Forty-Six-Dollars ($346.00) by the Plaintiff for the month of December 2005 if the Defendant will finally receive the unemployment insurance benefits sometime in mid-January 2006 or later for two weeks of December 2005.

Wherefore, the Defendant prays this Honorable Court to:

1. ORDER a revision of the child support amount for the month of December 2005 to that shown in attached Exhibit "A" or "B" from the previously issued Order in this matter;

2. SCHEDULE a child support hearing in this matter as soon as possible for deciding the child support amount for the month of December 2005;

3. DISMISS as Moot the Plaintiff's Motion for Contempt for Lack of Child Support Payment --- that was filed by the Plaintiff on December 7th, 2005 and docketed on December 12th, 2005;

4. POSTPONE issuing any Orders in this matter against the Defendant until a hearing is held on the Defendant's Motion for Modification of Child Support guidelines field now with Worksheets for the month of December 2005;   and

5. GRANT any other relief it deems fit for the Defendant and his minor children.

I aver and affirm under the penalties of perjury that the statements made herein are true to the best of my knowledge and belief.

December 22, 2005

*Sanjeev Malhotra*

SANJEEV MALHOTRA
3484 Augusta Drive
IJAMSVILLE, MD. 21754-9027

## CERTIFICATE OF SERVICE

I certify that on December 22, 2005 (Thursday), I filed the aforesaid Defendant's LINE IN SUPPORT OF DEFENDANT'S MOTION FOR MODIFICATION OF CHILD SUPPORT GUIDELINES to the Circuit Court and sent a copy, by first class US Postal Service, postage pre-paid to each of the following:

(i) Attorney for minor Malhotra children, Mr. Thomas Sinton, of 19 North Court Street, Suite 101, Frederick, MD 21701-5467 (hand delivered);   and

(ii) Plaintiff, Renu Khosla, of 515 Sylvan Court, Frederick, MD 21703-6112.

*Sanjeev*

SANJEEV MALHOTRA
3484 Augusta Drive
IJAMSVILLE, MD. 21754

# Worksheet-B

Renu Malhotra aka Renu Khosla

v.

Sanjeev Malhotra

In the
Circuit Court for FREDERICK COUNTY, MARYLAND   No. 00-1838-CV

WORKSHEET B - CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY for DEC. 2005 (Actual)

| Children | Date of Birth | Children | | Date of Birth |
|---|---|---|---|---|
| a) SUNAINA MALHOTRA | JAN. 01, 1995 | Mother's Gross Salary $104,182.32÷12 =$8,681.86 | Father's Gross Salary $1968.70 @$43.27×45.5hrs | |
| b) TARANA MALHOTRA | AUG. 17, 1998 | | | |

| | | Mother | Father | Combined |
|---|---|---|---|---|
| 1. MONTHLY ACTUAL INCOME (Before taxes) | | $ 8,682 | $ 1,969 | $10,651 |
| a. Minus preexisting child support payment actually paid | | - | - | |
| b. Minus health insurance premium (if child included) | | - 262 | - | |
| c. Minus alimony actually paid | | - | - | |
| d. Plus/minus alimony awarded in this case | | +/- | +/- | |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | | $ 8,420 | $ 1,969 | $ 10,389 |
| 3. PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined Income) | | 81.05% = 81 % | 18.95% = 19 % | 100% |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply line 2 Combined to Child Support Schedule) | | — | — | $ 1,648 |
| 5. ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 times 1.5) | | — | — | $ 2,472 |
| 6. OVERNIGHTS with each parent (Must total 365) | | 229 | 136 | 365 |
| 7. PERCENTAGE with each parent (Line 6 divided by 365) | | 62.7 % | 37.3 % | 100.0% |
| STOP HERE IF Line 7 is less than 35% for either parent. Shared physical custody does not apply. (See Worksheet A) | | | | |
| 8. EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (Multiply line 3 times line 5 for each parent) | | $ 2,003 | $ 469 | $ 2,472 |
| 9. BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times line 8 as arrows indicate) | | $ 747 | $ 294 | |
| 10. NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in line 9 and place result under greater amount) | | $ 453 | $ | |
| 11. EXPENSES: | | | | |
| a. Work-Related Child Care Expenses Code, FL, §12-204 (g) | | — | — | + |
| b. Extraordinary Medical Expenses Code, FL, §12-204 (h) | | — | — | + |
| c. Additional Expenses Code, FL, §12-204 (i) | | — | — | + |
| 12. NET ADJUSTMENT from Supplemental Worksheet on back, line H, if applicable. If not, continue to line 13. | | — | — | + |
| 13. NET BASIC CHILD SUPPORT OBLIGATION (From line 10) | | $ Zero | $ Zero | |
| 14. RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under lines 12 and 13, add these two figures to obtain amount owed by that parent. If one parent owes money under line 12 and the other owes money under line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on lines 12 and 13 will owe that difference as child support obligation. Note: The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a non-custodial parent. See Worksheet A). | | $ 453 | $ | |

PREPARED BY: SANJEEV MALHOTRA

DATE: DEC. 29, 2005

Use reverse side for comments, calculations, or rebuttals including in-kind responsibility because of sharing or special adjustments because of direct payments.

EXHIBIT "A"

# Worksheet-B

RENU MALHOTRA aka RENU KHOSLA

v.

SANJEEV MALHOTRA

In the
Circuit Court for FREDERICK COUNTY, MARYLAND  No. 00-1838-CV

**WORKSHEET B - CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY** for DEC. 2005 (Possible)

| | Children | Date of Birth | | | Date of Birth |
|---|---|---|---|---|---|
| (a) | SUNAINA MALHOTRA | JAN. 01, 1995 | Mother's Gross Salary | Father's Gross Salary | |
| (b) | TARANA MALHOTRA | AUG. 17, 1998 | $104,182.32÷12 = $8,681.86 | $1,968.79+2x$323 =1,969+646=$2,615 | |

| | | Mother | Father | Combined |
|---|---|---|---|---|
| 1. | MONTHLY ACTUAL INCOME (Before taxes) | $ 8,682 | $ 2,615 | $11,297 |
| | a.  Minus preexisting child support payment actually paid | | - | |
| | b.  Minus health insurance premium (if child included) | 262 | - | |
| | c.  Minus alimony actually paid | - | - | |
| | d.  Plus/minus alimony awarded in this case | +/- | +/- | |
| 2. | MONTHLY ADJUSTED ACTUAL INCOME | $ 8,420 | $ 2,615 | $ 11,035 |
| 3. | PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined Income) | 76.3% = 76 % | 23.7%=24% | 100%. |
| 4. | BASIC CHILD SUPPORT OBLIGATION  (Apply line 2 Combined to Child Support Schedule) | — | — | $ 1,700 |
| 5. | ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 times 1.5) | | | $2,550 |
| 6. | OVERNIGHTS with each parent (Must total 365) | 229 | 136 | 365 |
| 7. | PERCENTAGE with each parent (Line 6 divided by 365) | 62.7 % | 37.3% | 100.0% |
| | STOP HERE IF Line 7 is less than 35% for either parent. Shared physical custody does not apply.  (See Worksheet A) | | | |
| 8. | EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (Multiply line 3 times line 5 for each parent) | $ 1,946 | $ 604 | $2,550 |
| 9. | BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times line 8 as arrows indicate) | $ 725 | $ 379 | |
| 10. | NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in line 9 and place result under greater amount) | $ 346 | $ — | |
| 11. | EXPENSES: | | | |
| | a.  Work-Related Child Care Expenses  Code, FL, §12-204 (g) | — | — | |
| | b.  Extraordinary Medical Expenses Code, FL, §12-204 (h) | — | — | + |
| | c.  Additional Expenses Code, FL, §12-204 (i) | — | — | + |
| 12. | NET ADJUSTMENT from Supplemental Worksheet on back, line H, if applicable.  If not, continue to line 13. | $ Zero | $ Zero | |
| 13. | NET BASIC CHILD SUPPORT OBLIGATION (From line 10) | $ 346 | $ | |
| 14. | RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under lines 12 and 13, add these two figures to obtain amount owed by that parent.  If one parent owes money under line 12 and the other owes money under line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on lines 12 and 13 will owe that difference as child support obligation.  Note:  The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a non-custodial parent. See Worksheet A). | $ 346 | $ — | |

PREPARED BY: Sanjeev Malhotra    DATE DEC. 22, 2005

Use reverse side for comments, calculations, or rebuttals including in-kind responsibility because of sharing or special adjustments because of direct payments.

EXHIBIT "B"

## IN THE CIRCUIT COURT FOR FREDERICK COUNTY OF MARYLAND

Renu Malhotra
aka Ms. Renu Khosla, Plaintiff

vs.                                    Case No. 00-1838-CV

Sanjeev Malhotra, Defendant

## MOTION FOR MODIFICATION OF CHILD SUPPORT
## GUIDELINES FROM THE MONTH OF JANUARY 2006 ONWARDS

Comes now, Sanjeev Malhotra, Defendant representing himself pro-se and files this Motion for Modification of Child Support Guidelines from the Month of January 2006 Onwards, and respectfully submits as follows:

1. That the Defendant incorporates by reference the following LINES/ Motions to this Honorable Court:

    (A) LINE in Child Support Order Issued on November 21, 2005 filed to this Honorable Court on December 2nd, 2005  (Docket #0348000).

    (B) Exceptions Hearing Motion on Child Support Order Issued on November 21, 2005 filed to this Honorable Court on December 6th, 2005  (Docket #0349000).

    (C) Motion for Stay of Order Issued on November 21st, 2005 filed to this Honorable Court on December 21st, 2005.

    (D) Motion for Modification of Child Support Guidelines for the Month of December 2005 filed to this Honorable Court on December 20th, 2005 and LINE in Support of Defendant's Motion for Modification of Child Support Order for the Month of December 2005 filed to this Honorable Court on December 22nd, 2005.

2436

1

# Worksheet-B

MALHOTRA, RENU aka
    KHOSLA, RENU
MALHOTRA, SANJEEV

In the
Circuit Court for FREDERICK COUNTY,
MARYLAND
No. 00-1838-CV

**WORKSHEET B - CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY** From JAN. 2006 Onwards

| Children | Date of Birth | Mother's Salary | Father's Salary | Date of Birth |
|---|---|---|---|---|
| SUNAINA MALHOTRA | JAN 1, 1995 | $104,189,335·12 = $8,681·86 | $373(Week) times 4.26 Weeks = $1,356.60 | |
| TARANA MALHOTRA | AUG. 17,1998 | | | |

| | | Mother | Father | Combined |
|---|---|---|---|---|
| 1. MONTHLY ACTUAL INCOME (Before taxes) | | $ 8,682 | $ 1,357 | $10,039 |
| | a. Minus preexisting child support payment actually paid | - | - | |
| | b. Minus health insurance premium (if child included) | - 262 | - | |
| | c. Minus alimony actually paid | - | - | |
| | d. Plus/minus alimony awarded in this case | +/- | +/- | |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | | $ 8,420 | $ 1,357 | $ 9,777 |
| 3. PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined Income) | | 86·1% = 86 % | 13.9% = 14 % | 100% |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply line 2 Combined to Child Support Schedule) | | | | $ 1,593 |
| 5. ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 times 1.5) | | — | — | $ 2,390 |
| 6. OVERNIGHTS with each parent (Must total 365) | | 229 | 136 | 365 |
| 7. PERCENTAGE with each parent (Line 6 divided by 365) | | 62.7 % | 37.3 % | 100.0% |
| STOP HERE IF Line 7 is less than 35% for either parent. Shared physical custody does not apply. (See Worksheet A) | | | | |
| 8. EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (Multiply line 3 times line 5 for each parent) | | $ 2,058 | $ 332 | $2,390 |
| 9. BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times line 8 as arrows indicate) | | $ 767 | $ 208 | |
| 10. NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in line 9 and place result under greater amount) | | $ 559 | $ | |
| 11. EXPENSES: | | | | |
| | a. Work-Related Child Care Expenses Code, FL, §12-204 (g) | | | |
| | b. Extraordinary Medical Expenses Code, FL, §12-204 (h) | | | + |
| | c. Additional Expenses Code, FL, §12-204 (i) | | | + |
| 12. NET ADJUSTMENT from Supplemental Worksheet on back, line H, if applicable. If not, continue to line 13. | | $ Zero | $ Zero | |
| 13. NET BASIC CHILD SUPPORT OBLIGATION (From line 10) | | $ 559 | $ — | |
| 14. RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under lines 12 and 13, add these two figures to obtain amount owed by that parent. If one parent owes money under line 12 and the other owes money under line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on lines 12 and 13 will owe that difference as child support obligation. Note: The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a non-custodial parent. See Worksheet A). | | $ 559 | $ | |

PREPARED BY: SANJEEV MALHOTRA

DATE: DEC. 28, 2005

Use reverse side for comments, calculations, or rebuttals including in-kind responsibility because of sharing or special adjustments because of direct payments.

Holy Cross Hospital
1500 Forest Glen Road
Silver Spring MD  20910

Dated 03/25/2005

Advice No.
343980

Deposit Amount:     **$2,652.30**

To The
Account(s) Of

S40 12570
S0001

**RENU KHOSLA**
515 Sylvan Ct.
Frederick, MD  21703

| DIRECT DEPOSIT DISTRIBUTION | | |
|---|---|---|
| Account Type | Account Number | Deposit Amount |
| | | $2,652.30 |
| Total: | | $2,652.30 |

NON-NEGOTIABLE

| Pay Group: | SNM-Non-exempt | | Advice #: | 0343980 |
|---|---|---|---|---|
| Pay Begin Date: | 03/06/2005 | | | |
| Pay End Date: | 03/19/2005 | | Advice Date: | 03/25/2005 |

Renu Khosla
515 Sylvan Ct.
Frederick, MD  21703

Status/Stnd Hours:          0.00

| Employee ID: | 701462 |
|---|---|
| Department: | S4012570-Respiratory Care Services |
| Location: | Holy Cross Hospital |
| Job Title: | Cert Respiratory Therapist |
| Pay Rate: | $21.500000 Hourly |

| TAX DATA: | Federal | MD State |
|---|---|---|
| Marital Status: | Single | Single |
| Allowances: | 2 | 2 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

### HOURS AND EARNINGS (* Does not add to gross)

| Description | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|
| PTO-Termination | 21.500000 | 242.02 | 5,203.43 | 242.02 | 5,203.43 |
| Charge Pay | | 0.00 | | 16.00 | 13.60 |
| Call $5.00 | | 0.00 | | 56.00 | 280.00 |
| Regular Pay | | 0.00 | | 400.00 | 8,600.00 |
| 2nd Shift Differential | | 0.00 | | 267.00 | 544.67 |
| 3rd Shift Differential | | 0.00 | | 378.00 | 963.91 |
| Overtime | | 0.00 | | 278.30 | 9,593.19 |
| HC Experience Pay @ $1.10 | | 0.00 | | | 746.13 |
| W/E Premium | | 0.00 | | 257.80 | 438.26 |
| Total: | | | 5,203.43 | | 26,383.19 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Fed Withholdng | 873.88 | 4,333.31 |
| Fed MED/EE | 68.58 | 363.70 |
| Fed OASDI/EE | 293.26 | 1,555.15 |
| MD Withholdng | 302.96 | 1,563.59 |
| Total: | 1,538.68 | 7,815.75 |

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Flex Credit | 0.00 | 1,742.60- |
| HCH PPO Premium | 430.53 | 2,583.18 |
| Delta Dental | 34.69 | 208.14 |
| Vision Plan-Spectera | 8.23 | 49.38 |
| 403b | 539.00 | 3,234.00 |
| Basic Life Insurance | 0.00 | 13.00 |
| Supplemental Life AD/D | 0.00 | 32.40 |
| Long Term Disability 50% | 0.00 | 29.75 |
| Medical Reimbursement Plan | 0.00 | 153.85 |
| Total: | 1,012.45 | 4,561.10 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Total: | 0.00 | 0.00 |

### EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Supplemental Life AD/D* | 0.00 | 27.00 |
| * Taxable | | |

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 5,203.43 | 4,190.98 | 1,538.68 | 1,012.45 | 2,652.30 |
| YTD: | 26,383.19 | 21,849.09 | 7,815.75 | 4,561.10 | 14,006.34 |

### LEAVE BALANCES

| | Earned/PP | Taken/PP | Adjusted/PP | Balance |
|---|---|---|---|---|
| PTO | | | | 0.00 |
| SIC | | | | |

### NET PAY DISTRIBUTION

| | |
|---|---|
| Advice #0343980 | 2,652.30 |
| Total: | 2,652.30 |

MESSAGE:

# Worksheet-B

*Malhotra, Renu*
*aka Khosla, Renu*
*Malhotra, Sanjeev*

In the Circuit Court for **Frederick County, MD.**

No. **00-1838-CV**

**2 months**

| WORKSHEET B - CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY | | | *for Year 2004 (July & Aug)* | | |
|---|---|---|---|---|---|
| **Children** | **Date of Birth** | INCOME | INCOME | | |
| (1) *Suvaina Malhotra* | | *Mother's Gross* | *Father's Gross* | | |
| (2) *Tarana Malhotra* | | *104,189.32÷12* | *Unemp. Benefit* | | |
| | | *=8,682.86* | *@ 313/week* | | |
| | | | **Mother** | **Father** | **Combined** |
| 1. MONTHLY ACTUAL INCOME (Before taxes) | | | $ *8,682* | $ *1,343* | |
|   a. Minus preexisting child support payment actually paid | | | - | - | |
|   b. Minus health insurance premium (if child included) | | | - *262* | - | |
|   c. Minus alimony actually paid | | | - | - | |
|   d. Plus/minus alimony awarded in this case | | | +/- | +/- | |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | | | $ *8,420* | $ *1,343* | $ *9,763* |
| 3. PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined Income) | | | *86.2* % | *13.8* % | |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply line 2 Combined to Child Support Schedule) | | | | | $ *1,601* |
| 5. ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 times 1.5) | | | | | $ *2,402* |
| 6. OVERNIGHTS with each parent (Must total 365) | | | *229* | *136* | 365 |
| 7. PERCENTAGE with each parent (Line 6 divided by 365) | | | *62.7* % | *37.3* % | |
| STOP HERE IF Line 7 is less than 35% for either parent. Shared physical custody does not apply. (See Worksheet A) | | | | | |
| 8. EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (Multiply line 3 times line 5 for each parent) | | | $ *2,071* | $ *331* | |
| 9. BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times line 8 as arrows indicate) | | | $ *773* | $ *208* | |
| 10. NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in line 9 and place result under greater amount) | | | $ *565* | $ | |
| 11. EXPENSES: | | | | | |
|   a. Work-Related Child Care Expenses Code, FL, §12-204 (g) | | | | | |
|   b. Extraordinary Medical Expenses Code, FL, §12-204 (h) | | | | | + *—* |
|   c. Additional Expenses Code, FL, §12-204 (i) | | | | | + *75* |
| 12. NET ADJUSTMENT from Supplemental Worksheet on back, line H, if applicable. If not, continue to line 13. | | | $ | $ | + |
| 13. NET BASIC CHILD SUPPORT OBLIGATION (From line 10) | | | $ *565* | $ *10* | |
| 14. RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under lines 12 and 13, add these two figures to obtain amount owed by that parent. If one parent owes money under line 12 and the other owes money under line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on lines 12 and 13 will owe that difference as child support obligation. Note: The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a non-custodial parent. See Worksheet A). | | | $ *555* | $ | |
| PREPARED BY: *Sanjeev Malhotra* | | | | | DATE: *08 OCT, 2006* |

Use reverse side for comments, calculations, or rebuttals including in-kind responsibility because of sharing or special adjustments because of direct payments.

# Worksheet-B

Malhotra, Renu
aka Khosla, Renu
v.
Malhotra, Sanjeev

In the
Circuit Court for **Frederick County, MD.**

No. **00-1838-CV**

WORKSHEET B - CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY **for Year 2004 (Sep. to Dec.)**

**4 months**

| Children | Date of Birth | INCOME Mother's Gross | INCOME Father's Gross | Date of Birth |
|---|---|---|---|---|
| (1) Suvaina Malhotra | | 104,182.32÷12 | 46,169.97÷4 | |
| (2) Tarana Malhotra | | = 8,681.86 | = 4,040.74 | |

| | | Mother | Father | Combined |
|---|---|---|---|---|
| 1. MONTHLY ACTUAL INCOME (Before taxes) | | $ 8,682 | $ 4,041 | |
| a. Minus preexisting child support payment actually paid | | - | - | |
| b. Minus health insurance premium (if child included) | | - 262 | - | |
| c. Minus alimony actually paid | | - | - | |
| d. Plus/minus alimony awarded in this case | | +/- | +/- | |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | | $ 8,420 | $ 4,041 | $ 12,461 |
| 3. PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined Income) | | 67.6 % | 32.4 % | |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply line 2 Combined to Child Support Schedule) | | | | $ 1,816 |
| 5. ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 times 1.5) | | | | $ 2,724 |
| 6. OVERNIGHTS with each parent (Must total 365) | | 229 | 136 | 365 |
| 7. PERCENTAGE with each parent (Line 6 divided by 365) | | 62.7 % | 34.3 % | |
| STOP HERE IF Line 7 is less than 35% for either parent. Shared physical custody does not apply. (See Worksheet A) | | | | |
| 8. EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (Multiply line 3 times line 5 for each parent) | | $ 1,841 | $ 883 | |
| 9. BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times line 8 as arrows indicate) | | $ 687 | $ 554 | |
| 10. NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in line 9 and place result under greater amount) | | $ 133 | $ | |
| 11. EXPENSES: | | | | |
| a. Work-Related Child Care Expenses Code, FL, §12-204 (g) | | | | + |
| b. Extraordinary Medical Expenses Code, FL, §12-204 (h) | | | | + |
| c. Additional Expenses Code, FL, §12-204 (i) | | | | + 75 |
| 12. NET ADJUSTMENT from Supplemental Worksheet on back, line H, if applicable. If not, continue to line 13. | | $ | $ 24 | + |
| 13. NET BASIC CHILD SUPPORT OBLIGATION (From line 10) | | $ 133 | $ | |
| 14. RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under lines 12 and 13, add these two figures to obtain amount owed by that parent. If one parent owes money under line 12 and the other owes money under line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on lines 12 and 13 will owe that difference as child support obligation. Note: The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a non-custodial parent. See Worksheet A). | | $ 109 | $ | |

PREPARED BY: **Sanjeev Malhotra**

DATE: **08 OCT, 2006**

Use reverse side for comments, calculations or rebuttals including in-kind responsibility because of sharing or special adjustments because of direct payments.

# Worksheet-B

*Malhotra, Renu*
*aka Khosla, Renu*
*Malhotra, Sanjeev*

In the Circuit Court for *Frederick County, MD.*

No. *00-1838-CV*

### WORKSHEET B - CHILD SUPPORT OBLIGATION: SHARED PHYSICAL CUSTODY *for Year 2005 (Jan. to Nov.)*

*11 months*

| Children | Date of Birth | Income and Income | | Date of Birth |
|---|---|---|---|---|
| ① *Suvana Malhotra* | | *Mother's Gross* | *Father's Gross* | |
| ② *Tarana Malhotra* | | *104,182.32 ÷ 12* *= $8,681.86* | *$90,000 ÷ 12* *= $7,500* | |

| | | Mother | Father | Combined |
|---|---|---|---|---|
| 1. MONTHLY ACTUAL INCOME (Before taxes) | | $ *8,682* | $ *7,500* | |
| a. Minus preexisting child support payment actually paid | | - | - | |
| b. Minus health insurance premium (if child included) | | - *285* | - | |
| c. Minus alimony actually paid | | - | - | |
| d. Plus/minus alimony awarded in this case | | +/- | +/- | |
| 2. MONTHLY ADJUSTED ACTUAL INCOME | | $ *8,397* | $ *7,500* | $ *15,897* |
| 3. PERCENTAGE SHARE OF INCOME (Line 2. Each parent's income divided by Combined Income) | | *52.8* % | *47.2* % | |
| 4. BASIC CHILD SUPPORT OBLIGATION (Apply line 2 Combined to Child Support Schedule) | | — | — | |
| 5. ADJUSTED BASIC CHILD SUPPORT OBLIGATION (Line 4 times 1.5) | | — | — | $ *2,088* |
| 6. OVERNIGHTS with each parent (Must total 365) | | — | — | $ *3,132* |
| 7. PERCENTAGE with each parent (Line 6 divided by 365) | | *229* | *136* | 365 |
| STOP HERE IF Line 7 is less than 35% for either parent. Shared physical custody does not apply. (See Worksheet A). | | *62.7* % | *37.3* % | |
| 8. EACH PARENT'S THEORETICAL CHILD SUPPORT OBLIGATION (Multiply line 3 times line 5 for each parent) | | $ *1,654* | $ *1,478* | |
| 9. BASIC CHILD SUPPORT OBLIGATION FOR TIME WITH OTHER PARENT (Line 7 times line 8 as arrows indicate) | | *617* | $ *927* | |
| 10. NET BASIC CHILD SUPPORT OBLIGATION (Subtract lesser amount from greater amount in line 9 and place result under greater amount) | | $ | $ *310* | |
| 11. EXPENSES: | | | | |
| a. Work-Related Child Care Expenses Code, FL, §12-204 (g) | | | | |
| b. Extraordinary Medical Expenses Code, FL, §12-204 (h) | | | + — | |
| c. Additional Expenses Code, FL, §12-204 (i) | | | + — | |
| 12. NET ADJUSTMENT from Supplemental Worksheet on back, line H, if applicable. If not, continue to line 13. | | $ | $ | |
| 13. NET BASIC CHILD SUPPORT OBLIGATION (From line 10) | | $ | $ *310* | |
| 14. RECOMMENDED CHILD SUPPORT ORDER (If the same parent owes money under lines 12 and 13, add these two figures to obtain amount owed by that parent. If one parent owes money under line 12 and the other owes money under line 13, subtract the lesser figure from the greater figure to obtain the difference. The parent owing the greater of the two amounts on lines 12 and 13 will owe that difference as child support obligation. Note: The amount owed in a shared custody arrangement may not exceed the amount that would be owed if the obligor parent were a non-custodial parent. See Worksheet A). | | $ | $ *310* | |
| PREPARED BY: *Sanjeev Malhotra* | | | | DATE *9 OCT., 2006* |

Use reverse side for comments, calculations, or rebuttals including in-kind responsibility because of sharing or special adjustments because of direct payments.



US POSTAGE
$0.41
FCM LETTER
21701
Date of Sale
03/15/08
02  1P00
02314496
FC004770010372B

S. Malhotra
3184 Augusta Drive
Ijamsville, MD. 21754

To:

Mrs. Diane Gordy, Director
Dept. of Social Services (DSS)
100 East All Saints Street
Frederick, MD. 21701

March 14, 2008

Mrs. Diane Gordy, Director   (Phone: 301-600-4555   and FAX:  301-600-4550)
    Frederick County, MD, Department of Social Services (DSS)
c/o    100 East All Saints Street;
    Frederick, MD.  21701


          RE:  Filing of TRO in US District Court


Respected Mrs. Gordy,

This letter is written to inform you that I am filing a Motion in US District Court for a
Temporary Restraining Order (TRO) against the apparent actions of the Department
of Social Services (DSS), wherein DSS did Not even bother to give me a reply to
umpteen letters and my timely filed Appeals of EWO and Arrearages in your CSES
Case No. 120089620.  A copy of my Motion for a TRO is attached herewith.

I hereby request a copy of ALL correspondence received by DSS from any entity in
this matter so far till date.  Additionally, I would request that DSS provide me with a
copy of any letters/motions/pleadings, etc. that DSS sends to any one else in this
child support matter from this date onwards.

Sincerely,

Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD.  21754-9027