IN THE UNITED STATES DISTRICT COURT
FOR THE DISTIRCT OF COLUMBIA

SANJEEV MALHOTRA, *pro-se*

Plaintiff

VS.   Civil Action No.:   08-00470 (RBW)

GREGORY M. RYAN and RENU K. RYAN

and/or their Agents/Assignees

AND Dept of Social Services, Frederick Co., MD

Defendant

## AMENDED COMPLAINT SEEKING DAMAGES

## FOR MISREPRESENTATION BY THE DEFENDANT

Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this Amended Complaint Seeking Damages for Misrepresentation by the Defendant, and in support thereof, states as follows: (please note that most attachments referenced herein were provided with original complaint filed to this Court in March 2008):

1. That the *pro-se* Plaintiff and Defendant Renu K. Ryan were divorced pursuant to the Judgment of Absolute Divorce dated 24th June, 2002 in the State of Maryland.

RECEIVED
JUL - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2. That the Plaintiff clarifies that this Amended Complaint is for tort damages that is allowed in a US District Court, such as this Honorable US District Court for the District of Columbia, under the *Ankenbrandt v. Richards 504 U.S. 689, (1992)*, which clearly stated in its finding No. 2 that *"The domestic relations exception does not permit a district court to refuse to exercise diversity jurisdiction over a tort action for damages"* and it further states in its finding No. 3 that *"The District Court erred in abstaining from exercising jurisdiction under the Younger doctrine."* and it goes on to state therein that *"such abstention is inappropriate here,"* ……. and *"in any event, has no bearing on the underlying torts alleged."*

3. That to clarify, the Plaintiff is filing a Civil Cover Sheet Amended to show that this case is being filed under the "Diversity" box in item II as the "Basis of Jurisdiction" by circling all of the checked boxes, as was also done in the previous filed Civil Cover Sheet by circling the "Diversity" box in item II.

4. That the United States District Court for the District of Columbia is the court of competent jurisdiction in this matter.

5. That the Judgment of Absolute Divorce of June 24, 2002 was reached by the 'Agreement of Both Parties' (Sanjeev Malhotra and then Mrs. Renu Malhotra aka Renu Khosla Ryan) as noted in that Divorce Decree.

6. That per the aforesaid Divorce Decree, the *pro-se* Plaintiff and the Defendant were Ordered to provide a copy of their W-2s and other income related financial information by February 15th of each year to the other party.

7. That per the aforesaid Divorce Decree and the 'Agreement of Both Parties', the child support was to be recalculated for each year retroactive to January 1st of each year based on the W-2 and other income related financial information of both the parties for the previous calendar year and using uniform child support guidelines that were to be simply extrapolated if the combined gross income of both parties were to exceed the limit in uniform child support guidelines, as was done in the aforesaid Divorce Decree.

8. That the Defendant knowingly did Not provide copies of W-2 and other income related financial information to the *pro-se* Plaintiff since February 2005 for the previous calendar year 2004;   and that this practice, by the Defendant, of Not providing the W-2 and gross income related financial information to the *pro-se* Plaintiff has continued since then for calendar years 2005, 2006 and 2007.

9. That the Defendant willfully also misrepresented Defendant's employer and gross income for year 2004 to the Circuit Court for the State of Maryland in March 2005 in Open Court, when the *pro-se* Plaintiff was unemployed for part of year 2004 and that the Defendant's gross income from Holy Cross Hospital alone in calendar year 2004 was in six-figures that amounted to about One Hundred and Five Thousand Dollars (or $104,182.32 exactly).

10. That the Defendant knowingly also misrepresented to the Circuit Court for the State of Maryland in November 2005 that she had mailed the copies of her pleadings to the Court on November 2, 2005 and November 8, 2005, when the Defendant had Not mailed any such copies, and thereby Defendant co-opted and corrupted State of Maryland's Circuit Court to sign a wrong child support Order based on her willful misrepresentations of gross income for year 2004; and that the Circuit Court erred in signing that Order on or about November 16, 2005 on an *ex-parte basis* without giving the *pro-se* Plaintiff the full eighteen (18) days to respond to the Defendant's mailed pleadings, when a reply was Not due from the *pro-se* Plaintiff until November 21, 2008 (Monday) and November 28, 2008 (Monday), respectively.

11. That the child support order signed erroneously by the Circuit Court on or about November 16, 2005 as an *ex-parte order* did Not have any

worksheets attached that was docketed on or about November 21, 2005 and this child support order did Not make any written findings for its deviation from the uniform child support guidelines since it did Not include the gross income of both parents in it nor did it include shared custody guidelines, which was in fact mailed to the *pro-se* Plaintiff on November 22, 2005 by the Clerk of the Court per the Court's own metered postmark and was thereafter received by the *pro-se* Plaintiff on or about November 26, 2005 (Saturday) due to the Thanksgiving Holidays and severe winter weather, and the *pro-se* Plaintiff properly filed his appeal within ten/10 days of receipt of the said order on December 6th, 2005; and that only the *pro-se* Plaintiff had filed proper Worksheets to the Circuit Court in March 2005 using uniform child support guidelines alongwith calculations for shared physical custody based on a written order in 2004 by the Circuit Court by using 136 (one-hundred-and-thirty-six) nights of overnight visitation with the *pro-se* Plaintiff that is more than the requisite 128 (one-hundred-and-twenty-eight) overnights for shared physical custody; and that the November 2005 child support order erred additionally by Not including the gross income of the Defendant --- that was about One Hundred and Five Thousand Dollars (6 figures) in year 2004.

12. That, based on information per attached marriage certificate (previously provided to this Court), the Defendants' Gregory M. Ryan and Renu Khosla Ryan were engaged to each other on or about Valentine's Day in February 2007, and that these two parties' were married in the

Commonwealth of Virginia on or about April 7th, 2007 and their residential addresses then were as shown on the original complaint's front page.

13. That the Defendant willfully misrepresented to the Maryland State Attorney's Office in or about March-April 2007 that the erroneous November 2005 Order on child support was the Order to be implemented for years 2006 and 2007, when the Defendant knew that, per the aforesaid Divorce Decree reached per the 'Agreement of Both Parties', a new child support order was to be calculated every year retroactive to January of each year based on the previous year's gross income and earnings of both parties and by applying uniform child support guidelines, and thus the jurisdictional term of the November 2005 child support order had already ended on December 31st, 2005, and the Defendant's willful refusal to provide copies of her W-2 for any year from 2004 onwards further exacerbated the problem of calculating proper child support amount using uniform child support guidelines and terms of the aforesaid Divorce Decree reached by the 'agreement of both parties'.

14. That the Defendant willfully misrepresented about the *pro-se* Plaintiff's payments of child support being in arrears to the State of Maryland in early 2007, to include an erroneous complaint of arrearage for the month of April 2007, when it had been already paid by the *pro-se* Plaintiff in full; and that the Defendant willfully misrepresented to the State of Maryland about arrears that led to withholding of the *pro-se* Plaintiff's federal tax

refund for calendar year 2006, when the aforesaid alleged arrears were *neither* over Five Thousand Dollars *nor* were the arrears more than one year old.

15. That the State of Maryland did not act in good faith and acted prejudicially and discriminated against the *pro-se* Plaintiff, when the Federal Child Support Recovery Act of 1992 does Not permit withholding of the *pro-se* Plaintiff's tax refund for calendar year 2006 arbitrarily based on misrepresentations of the Defendant and without providing the *pro-se* Plaintiff all the remedies available under the law to explain and/or rectify those arrears prior to the State of Maryland acting with prejudice against the *pro-se* Plaintiff and thereby jeopardizing the *pro-se* Plaintiff's current federal employment.

16. That the Plaintiff has been forced to take out loans to pay the Defendant erroneous child support amounts per the November 2005 Order that was signed in error by the Circuit Court as an *ex-parte order* based on the above described misrepresentations of Defendant to various government agencies; and the *pro-se* Plaintiff seeks reimbursement of any overpayments as well as reimbursement of interest and fees on loans secured by *pro-se* Plaintiff to make erroneous child support payments to the Defendant.

Case 1:08-cv-00470-RBW   Document 7   Filed 07/08/2008   Page 8 of 18

17. That the *pro-se* Plaintiff has been discriminated against based on his race, religion, color, national origin, sex, different non-Christian last name, spoken accent and status in being forced to pay erroneous child support amounts that were not calculated properly per the aforesaid Divorce Decree and the uniform child support guidelines.

18. That the *pro-se* Plaintiff seeks the application of uniform child support guidelines and all related legislation for fair and equitable treatment, and pleads to restore the *pro-se* Plaintiff's honor and name with the US federal government and Internal Revenue Service (IRS) immediately.

19. That the *pro-se* Plaintiff seeks that proper child support be calculated for each year from year 2004 onwards and for years 2005, 2006, 2007 and 2008 retroactive to January of each year based on gross income of both parties for the previous calendar year due to change of more than twenty-five percent (25%) change in gross income of the Defendant for year 2004 and/or failure of the Defendant to provide W-2 copies to the *pro-se* Plaintiff for years 2004, 2005, 2006 and 2007;   and that any and all arrearages owed to the *pro-se* Plaintiff for child support calculated using uniform child support guidelines should be paid by the Defendant with interest and penalties.

20. That based on information and/or belief, the Defendant had been driving a BMW car ("beamer") for Defendant's personal use instead of disclosing

her six-figure gross income to the *pro-se* Plaintiff and the Circuit Court that would have required the Defendant to pay child support to the *pro-se* Plaintiff.

21. That, based on information and/or belief, Defendant Renu Khosla Ryan is and/or was employed at Georgetown University Hospital in Washington, DC at least during the years 2005, 2006 and 2007.

22. That the Defendant misled the Circuit Court again in signing the EWO in May 2007 when there was an Appeal pending at the Court of Special Appeals in Annapolis, and the Circuit Court should Not have ruled on those financial matters as the Circuit Court did Not have the financial files with it, as they are still in Annapolis until now, and the Circuit Court had full knowledge of it, but the Circuit Court was misled by the Defendant into believing that the Court of Special Appeals in Annapolis had dismissed this Plaintiff's Appeal to that appellate court.

23. That the *pro-se* Plaintiff seeks from the Defendant the reimbursement of all the child support payments owed with interest and penalties as well as expenses incurred by the Plaintiff to litigate this matter to include interest and fees on loans secured by the Plaintiff to pay wrongly calculated child support amounts based on the Defendant's misrepresentations;  and that the *pro-se* Plaintiff seeks actual damages and punitive damages for a total amount of Ten Million Dollars ($10,000,000.00) from the Defendant due to

the Defendant engaging in misrepresentations, willful misleading court and governmental authorities and unethical conduct against the laws of the United States of America.

24. That the <u>Defendant has knowingly concealed her over One Hundred and Twenty-Five Thousand Dollars (six-figure) income</u> from the Plaintiff and has, thus, miscalculated the said child support guidelines; and the Defendant has, therefore, used falsity and/or false pretenses to obtain chattel and/or <u>receive money fraudulently from the Plaintiff</u>.

25. That to the best of Plaintiff's information and/or belief, the Defendant has Not filed a proper motion for modification of child support using the said uniform child support guidelines, and attaching the appropriate worksheets, to the said local Circuit Court for the hearing that was scheduled for May 3, 2007.

26. That the *pro-se* Plaintiff has been discriminated against based on his race, religion, color, national origin, sex, different non-Christian last name, spoken accent and status in being forced to pay the said excessive child support amounts that were not calculated properly per the aforesaid Divorce Decree and the said child support guidelines.

27. That the Defendant violated the conflict of interest regulations in being represented by Meiselmand and Helfant when their client, Ms. Renu

Khosla, knowingly may not have disclosed to her potential attorneys that they need to seek permission of the Plaintiff since Mr. Neal Meiselman had spoken with the Plaintiff about this family law matter when Mr. Meiselman was at his former law firm, from where he has since departed; and that Defendant and her attorneys did not exercise due diligence when the Defendant violated the conflict of interest regulations and that the Defendant may have failed to disclose a copy of the article that the Plaintiff had sent to the Defendant after speaking with Mr. Meiselman.

28. That the Plaintiff avers that there is a *clear error* in this matter as shown in the attached Exhibits A1 and A2, wherein a *gross mathematical miscalculation* of the arrears by 'Ms. Renu Khosla' to Maryland's DSS/DHR that was *never checked* by DSS/DHR and that 'Ms. Khosla' made a *material misrepresentation* by intentionally falsifying the arrears for January 2004 as One Hundred and Eighty Dollars ($180.00), when 'Ms. Khosla' had been notified in writing of an excess payment of Two Hundred Dollars ($200.00) made in December 2003 that would be credited towards future payments of year 2004 and the 'Ms. Khosla' was warned in writing in a letter dated December 19, 2003 (see Exhibit A3) that per *Art Form Interiors, Inc v Colombia House, Inc* 92 Md App 587 (1992) would lead to monetary sanctions against 'Ms. Khosla' for her 'unjustified and bad faith pleadings' about non-payment of child support; and that the Exhibit A2 clearly shows the corrected summary of overpayments by the petitioner to

the 'other party' in an amount of Nine Hundred and Fifty Dollars ($950.00) that need to be credited to the petitioner immediately.

29. That the Plaintiff was denied his due process rights by Maryland's DSS/DHR by the denial of a hearing was a violation of the due process and rights by DSS/DHR's continued delay and no response from the local agency (DSS) to the petitioner's timely filed requests within thirty days of receipt of an EWO (earnings withholding order) and modification of the EWO.

30. That the Plaintiff's US Federal Income Tax for year 2006 was wrongly intercepted upon misrepresentation by Maryland's DSS/DHR as noted in the copy of the AFFIDAVIT in Support of the Late Receipt of "2006 Federal tax Refund" from the Internal Revenue Service (IRS), US Dept. of Treasury dated May 5, 2008 --- which was filed earlier to this Honorable US District Court --- that clearly explains as to why the petitioner could Not have filed a request for a hearing with OAH earlier than March 31, 2008, which was within thirty (30) days of the receipt of the year 2006 Federal Tax Refund by the petitioner in the first week of March 2008.

Wherefore the *pro-se* Plaintiff prays this Honorable Court to :

    (1) Issue an order for the Defendant to show cause why the Defendant should not be penalized for its acts of misrepresentation and willfully misleading the various governmental agencies and

tarnishing the *pro-se* Plaintiff's professional image and character through Defendant's unreasonable actions described above;

(2) Order the Defendant to reimburse to the *pro-se* Plaintiff a sum equal to the actual costs of litigation of child support matter plus the child support amounts due to the Plaintiff with interest and penalties plus any overpayments of child support made by the Plaintiff and reimbursement of interest and fees on loans secured by Plaintiff to make those overpayments to the Defendant and the punitive damages of Ten Million Dollars for pain, suffering and humiliation suffered by the *pro-se* Plaintiff at the hands of the Defendant;

(3) Order a jury trial and schedule it as soon as possible;

(4) Issue a stay against the erroneous child support order of November 2005 and other orders based upon that erroneous child support order issued by the Circuit Court for the State of Maryland until at least this matter is adjudicated, and order a dismissal of all the erroneous orders;

(5) Order a correct computation of the child support amounts from year 2004 onwards and for years 2005, 2006, 2007 and 2008 based on the W-2 and other income related information of both the

parties using uniform child support guidelines to include shared physical custody;

(6) Order the Defendant and the Defendant's agents/assignees to cooperate and provide the appropriate information to the *pro-se* Plaintiff and to this Court without delays, otherwise they are to held in contempt of this Court and penalties imposed upon them;

(7) Order DSS/DHR to determine correct child support using the uniform child support guidelines and gross income of both parents and use correct Worksheets to determine child support amount;

(8) Order the imposition of appropriate financial and criminal penalties upon the Defendant for their misrepresentations and/or failure to follow the laws, orders, code and regulations;   and

(9) Grant any other relief to the *pro-se* Plaintiff it deems fit for this cause.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

July 7, 2008

Respectfully submitted by:  *[signature: Sanjeev Malhotra]*

SANJEEV MALHOTRA

3484 Augusta Drive

Home Phone: 301-865-3474                IJAMSVILLE, MD. 21754-9027

EXHIBIT A1

(Payment History)   COURT CASE NUMBER 00-1838-CV

| MONTH | YEAR 2004 | | | YEAR 2006 | | |
|---|---|---|---|---|---|---|
| | AMOUNT DUE | AMOUNT PAID | BALANCE | AMOUNT DUE | AMOUNT PAID | BALANCE |
| JAN | 1383 | 1203 | 180 | 779 | 100 | 679 |
| FEB | 802 | 554 | 248 | 779 | 100 | 679 |
| MAR | 802 | 582 | 220 | 779 | 100 | 679 |
| APR | 802 | 692 | 110 | 779 | 100 | 679 |
| MAY | 802 | 802 | 0 | 779 | 100 | 679 |
| JUN | 802 | 802 | 0 | 779 | 0 | 779 |
| JUL | 802 | 802 | 0 | 779 | 100 | 679 |
| AUG | 700 | 700 | 0 | 779 | 100 | 679 |
| SEP | 592 | 188 | 404 | 779 | 100 | 679 |
| OCT | 566 | 188 | 378 | 779 | 250 | 529 |
| NOV | 566 | 186 | 380 | 779 | 250 | 529 |
| DEC | 566 | 132 | 434 | 779 | 250 | 529 |
| TOTAL | 9185 | 6831 | 2354 | 9348 | 1550 | 7798 |

| MONTH | YEAR 2005 | | | YEAR 2007 | | |
|---|---|---|---|---|---|---|
| | AMOUNT DUE | AMOUNT PAID | BALANCE | AMOUNT DUE | AMOUNT PAID | BALANCE |
| JAN | 779 | 132 | 647 | 779 | 250 | 529 |
| FEB | 779 | 343 | 436 | 779 | 250 | 529 |
| MAR | 779 | 343 | 436 | 779 | 250 | 529 |
| APR | 779 | 343 | 436 | My Commission expires | | |
| MAY | 779 | 343 | 436 | 1-1-08 | | |
| JUN | 779 | 343 | 436 | Frederick County, Maryland | | |
| JUL | 779 | 343 | 436 | | | |
| AUG | 779 | 343 | 436 | Notary Public | | |
| SEP | 779 | 343 | 436 | Renew March 28, 2007 | | |
| OCT | 779 | 343 | 436 | | | |
| NOV | 779 | 343 | 436 | | | |
| DEC | 779 | 343 | 436 | | | |
| | 9348 | 3905 | 5443 | 2337 | 750 | 1587 |

TOTAL TILL MARCH 2007 = $ 17,932.00

| Year | Amount |
|------|--------|
| 2004 | $2,354 |
| 2005 | $5,443 |
| 2006 | $7,798 |
| 2007 | $1,587 |

Sum for 4 Years ==     $17,182  based on Other Party's Nos.[#]
Less Excess Pymt=         $200  to Other Party in Dec. 2003*.

Hence, Actual Sum=     $16,982  based on Other Party's Nos.

[#] Other Party has Misrepresented the "Sum for 4 Years" to be $17,932.
* Other Party was paid $1,583 instead of $1,383 in error in Dec. 2003.
 * Note: Other Party is Ms. Renu Khosla & was told in writing of the error.
  * Ms. Khosla was advised in Dec. 2003 NOT to Falsify payments rcvd.

Therefore, Excess Payment received by Ms. renu Khosla under
False Pretenses per her Notarized Certification under Oath is:
**$17,932 less $16,982 == $950 (Nine Hundred & Fifty Dollars)**

EXHIBIT A2

Law Office of
# Stewart Andrew Sutton, LLC
8 Executive Park Court
Germantown, MD 20874

Tel: (301) 916-5000
Fax: (301) 916-1201

www.Stewartsutton.com
Stewart@Stewartsutton.com

December 19, 2003

Renu Khosla
605 Windview Way, #202
Frederick, MD 21703

EXHIBIT A3

Re: <u>Khosla v. Malhotra</u>

Dear Ms. Khosla:

Today you made the spurious assertion that Mr. Malhotra did not in fact pay his December 2003 child support obligation of $1,203.00 and $180.00 arrearage obligation. In fact, Mr. Malhotra overpaid his child support and arrearage obligation by $200.00 when he remitted a check in the amount of $1,583.00. He explained in his December 15, 2003 memoranda that he mistakenly overpaid you by $200.00 and that this $200.00 overpayment will be credited towards his future arrearage obligation.

In your December 17, 2003 proposed Child Support Order you even acknowledged that Mr. Malhotra's December 2003 child support obligation is $1,203.00 and that his arrearage obligation is $180.00. As such, your assertion that Mr. Malhotra did not pay his December 2003's child support and arrearage obligation, totaling $1,383.00, is intentionally false and outrageous, especially when he overpaid his obligation.

Art Forms Interiors, Inc. v. Columbia House, Inc., 92 Md. App. 587 (1992) held that monetary sanctions cannot be imposed, unless the adverse party is first admonished that the action is being maintained without substantial justification and/or in bad faith. This letter constitutes an admonishment that any action or pleading in which you contend that Mr. Malhotra did not pay his December 2003 child support and arrearage will result in the request and imposition of Maryland Rule 1-341 monetary sanctions against you for your contemplated unjustified and bad faith pleading.

If you did not understanding the propound implication of this letter, I advise you to consult with competent counsel.

Sincerely yours,

*[signature]*
Stewart A. Sutton

TRUE COPY TEST:

*[signature]* Sandra K. Dalton
CLERK

DEFENDANT'S EXHIBIT
10
C-00-1838   3/4/05