# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SANJEEV MALHOTRA,                           *
          Plaintiff

                                 *

      v.

                                 *

GREGORY M. RYAN,
RENU K. RYAN,                               *    Civil Action No.08-CV-00470
and                                              (RBW)
Frederick County                            *
Department of Social Services
100 East All Saints Street
Frederick, Maryland 21701

            Defendants.

   *   *   *   *   *   *   *   *   *   *   *

## MOTION TO DISMISS AMENDED COMPLAINT

Defendant Frederick County Department of Social Services ("FCDSS"), by and through its undersigned counsel, moves to dismiss the Complaint, pursuant to Federal Rule 12(b), and in support states as follows:

1.     This Court does not have jurisdiction over this matter, as there is no diversity jurisdiction, and the amended complaint presents no federal question as to FCDSS.

2.     Even if this Court did have either diversity jurisdiction or federal question jurisdiction over this matter, the amended complaint must be dismissed as to FCDSS, as it is not susceptible to suit in federal court due to sovereign immunity.

3.     This Court is the improper venue for plaintiff's complaint.

For the reasons stated, this matter should be dismissed with prejudice as to Defendant Frederick County Department of Social Services. In further support of this motion, defendants refer the Court to the accompanying Memorandum in Support of the Motion to Dismiss.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General

/s/ _____
BRADLEY J. NEITZEL
Assistant Attorney General
311 West Saratoga Street, Suite 1015
Baltimore, Maryland 21201
(410) 767-7726

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of August, 2008, a copy of the Motion to Dismiss was served, via first-class mail, postage prepaid, upon Sanjeev Malhotra, 3484 Augusta Drive, Ijamsville, MD 21754-9027.

/s/ _____
Bradley J. Neitzel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SANJEEV MALHOTRA,         *
       Plaintiff

                          *

     v.

                          *

GREGORY M. RYAN,             Civil Action No.08-CV-00470
RENU K. RYAN,             (RBW)
and                       *
Dept of Social Services,
Frederick Co., MD           *

           Defendants.
   *  *  *  *  *  *  *  *  *  *  *  *  *

## ORDER

Upon consideration of the foregoing Motion to Dismiss, it is this ____ day of

_____, 2008, by the United States District Court for the District of Columbia

**ORDERED,** that the Motion to Dismiss of defendant Frederick County Department

of Social Services, be and it is hereby granted; and it is further,

**ORDERED,** that the action against the defendant Frederick County Department of

Social Services be and it is hereby dismissed with prejudice on the following grounds: lack

of subject matter jurisdiction, sovereign immunity, and improper venue.

                                  _____
                                  Reggie B. Walton, Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SANJEEV MALHOTRA,            *
        Plaintiff

                         *

     v.

                         *

GREGORY M. RYAN,               Civil Action No.08-CV-00470
RENU K. RYAN,             *    (RBW)
and
Dept of Social Services,       *
Frederick Co., MD

          Defendants.
   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

Defendant Frederick County Department of Social Services ("FCDSS"), by and through its undersigned counsel, submits this memorandum in support of its Motion to Dismiss Complaint pursuant to Fed.R.Civ.P. 12 (b).

### INTRODUCTION

Plaintiff Sanjeev Malhotra files this *pro se* Amended Complaint Seeking Damages for Misrepresentation by the Defendant against three defendants, including FCDSS, in connection with the determination of his child support obligation by the Circuit Court for Frederick County. For the reasons set forth *infra*, the Court should dismiss the complaint

because this Court lacks jurisdiction, because sovereign immunity bars his claims, and because venue is improper.

Plaintiff asserts that this Court has diversity jurisdiction over this matter. Am. Compl. ¶¶ 2-3. The complaint makes a variety of claims against the three defendants, but only three are clearly directed at FCDSS.

Paragraph Fifteen of the amended complaint claims that "the State of Maryland did not act in good faith and acted prejudicially and discriminated against the pro-se Plaintiff." Am. Compl. ¶ 15. Paragraph Twenty-nine alleges that "Plaintiff was denied his due process rights by Maryland's DSS/DHR by the denial of a hearing was a violation of the due process and rights by DSS/DHR's continued delay and no response from the local agency (DSS) to the petitioner's timely filed requests within thirty days of receipt of an EWO (earnings withholding order) and modification of the EWO." *Id.* ¶ 29. Paragraph Thirty states that "Plaintiff's US Federal Income Tax for year 2006 was wrongly intercepted upon misrepresentation by Maryland's DSS/DHR . . . ." *Id.* ¶ 30.

I.    **THE AMENDED COMPLAINT SHOULD BE DISMISSED AS THIS COURT LACKS DIVERSITY JURISDICTION.**

Plaintiff asserts that this Court has diversity jurisdiction over his claim. Am. Compl. ¶ 2-3. Plaintiff's assertion is erroneous.

The federal diversity jurisdiction statute, 28 U.S.C. § 1332 (2000 & Supp. V 2006), grants federal district courts original jurisdiction over civil actions between "citizens of different States." The United States Supreme Court has interpreted this phrase to require "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). As plaintiff's amended complaint indicates, he is a resident of the State of Maryland. Plainly, there is no diversity between the FCDSS, an arm of the State of Maryland, and a resident of Maryland. Moreover, the jurisdiction statute requires jurisdiction between "citizens." A state, however, including its "arm or alter ego," is not a citizen for purposes of 28 U.S.C. § 1332. *Moor v. Alameda County*, 411 U.S. 693, 717-718 (1973). Since FCDSS, as a division of Maryland's Department of Human Resources, is an "arm or alter ego" of the State of Maryland, it is not a citizen for diversity purposes. *See* Md. Code Ann., Hum. Serv. § 3-201 (2007). Therefore, there is no diversity jurisdiction in this case.

II.    **THE AMENDED COMPLAINT SHOULD BE DISMISSED AS THIS COURT LACKS FEDERAL QUESTION JURISDICTION.**

In addition to diversity jurisdiction, federal statutory law also provides for "federal question" jurisdiction. 28 U.S.C. § 1331. (2000 & Supp. V 2006). This statute states that federal district courts have original jurisdiction of "all civil actions arising under the Constitution,

laws, or treaties of the United States." *Id.* The United States Supreme Court has stated that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 402 U.S. 386, 392 (1987). In order to qualify as "well-pleaded," a complaint must provide "more than a formulaic recitation of the elements of a cause of action and legal conclusions." *Bell Atlantic v. Twombly,* 127 S.Ct. 1955, 1964 (2007). In Paragraphs Fifteen, Twenty-nine, and Thirty, plaintiff makes claims about discrimination, due process, and misrepresentation. In none of these claims does plaintiff even mention a specific federal statute or constitutional provision, let alone the "elements of a cause of action." Because plaintiff does not present a federal question in a "well-pleaded" complaint, there is no federal question jurisdiction and the complaint must be dismissed.

## III.   DEFENDANT FCDSS IS IMMUNE FROM SUIT BY VIRTUE OF THE ELEVENTH AMENDMENT.

It is by now well-settled that the Eleventh Amendment to the United States Constitution prohibits suits against states in federal court, absent the state's consent or Congressional abrogation of Eleventh Amendment immunity. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99-100 (1984) (citing *Employees v. Missouri Pub. Health & Welfare Dep't.,* 411 U.S. 279, 294 (1973)). In order to be subject to suit in federal court, a State must expressly and unambiguously waive its Eleventh Amendment immunity, or

Congress must clearly and unmistakably express its intention to abrogate that immunity in the language of the particular statute. *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 55-56 (1996). In the absence of Congressional abrogation or a State's waiver of its sovereign immunity, an action brought in federal court against a State department or agency is barred by the Eleventh Amendment. *Pennhurst,* 465 U.S. at 100. This jurisdictional Eleventh Amendment bar to a federal court claim against a sovereign state and its agencies exists whether the relief sought is legal or equitable. *Pennhurst*, 465 U.S. at 100.

The State of Maryland has not waived its sovereign immunity for suit in federal court for any of the claims asserted by the plaintiff, and, since this immunity has not been abrogated by Congress, plaintiff's claims are barred by the Eleventh Amendment. Here, the defendant FCDSS is a state agency. Md. Code Ann., Hum. Serv. § 3-201 (2007). Accordingly, plaintiff's claims against FCDSS as a Maryland state agency must be dismissed.

## III.  EVEN IF THIS COURT DOES HAVE JURISDICTION, VENUE IS IMPROPER.

Should this Court find that it does have jurisdiction of plaintiff's complaint, it must nonetheless be dismissed, as venue is improper. A plaintiff may bring a civil action only in a judicial district where any defendant resides, in which a "substantial part of the events or omissions giving rise to the claim occurred," or in which any defendant "may be found." 28 U.S.C. § 1391 (2000 & Supp. V 2006). No defendant in this action resides in the District of Columbia. No "substantial part of the events or omissions giving rise" to plaintiff's claims

occurred in the District of Columbia. No defendant may be found in the District of Columbia. Accordingly, venue in this Court is improper, and plaintiff's amended complaint must be dismissed.

## CONCLUSION

For the reasons stated, the complaint as to defendant Frederick County Department of Social Services should be dismissed with prejudice.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

/s/_____

Bradley J. Neitzel
Assistant Attorney General
311 West Saratoga Street, Suite 1015
Baltimore, Maryland 21201
(410) 767-7726
(410) 333-0026 (fax)

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August, 2008, a copy of the foregoing was served, via first-class mail, postage prepaid, upon Sanjeev Malhotra, 3484 Augusta Drive, Ijamsville, MD 21754-9027.

/s/_____
Bradley J. Neitzel