IN THE UNITED STATES DISTRICT COURT
FOR THE DISTIRCT OF COLUMBIA

CLERK
US DISTRICT & BANKRUPTCY
COURTS

2008 AUG 25  PM 5: 22

RECEIVED

SANJEEV MALHOTRA, *pro-se*

  Plaintiff


    vs.                 *Civil Action No.:*      08-00470 (RBW)


GREGORY M. RYAN and RENU K. RYAN

 and/or their Agents/Assignees

AND Dept of Social Services, Frederick Co., MD

  Defendant


## RESPONSE  TO FREDERICK COUNTY DEPT. OF SOCIAL SERVICES

## MOTION TO DISMISS AMENDED COMPLAINT

Now comes, Sanjeev Malhotra, *pro-se* Plaintiff, and files this Response to

Frederick County Department of Social Services (FC DSS) Motion to Dismiss

Amended Complaint against it, and in support thereof, states as follows:


1.  That the *pro-se* Plaintiff avers that this Honorable US District Court has

    proper jurisdiction and it is a court of competent jurisdiction, as stated in

    pro-se Plaintiff's Amended Complaint:    "under the *Ankenbrandt v.*

    *Richards 504 U.S. 689, (1992),* which clearly stated in its finding No. 2

that *"The domestic relations exception does not permit a district court to refuse to exercise diversity jurisdiction over a tort action for damages"* and it further states in its finding No. 3 that *"The District Court erred in abstaining from exercising jurisdiction under the Younger doctrine."* and it goes on to state therein that *"such abstention is inappropriate here," ……..* and *"in any event, has no bearing on the underlying torts alleged."*

2. That the FC DSS has misrepresented to the Court that it does NOT have jurisdiction and has further misrepresented to the Court in FC DSS's Certificate of Service that it mailed a copy on August 6, 2008, when it was actually mailed on August 7, 2008 per the postage meter mark for postage of $01.17 of meter no. "02-1M (in top row)-0004228479 (in bottom row)" and mailed from ZIP CODE 21202.

3. That this response is timely filed on Monday, August 25, 2008 within fifteen days of the receipt of the said FC DSS motion by the pro-se Plaintiff, because the fifteenth day fell on the weekend.

4. That a hallmark of the US Laws and regulations is that it stands on the three legs of legislature, executive and judiciary branches to maintain checks and balances; and that <u>the FC DSS</u>, as part of the executive branch, <u>FAILED TO do its part of even doing a SIMPLE ARITHMETIC</u>

CHECK of the arrearages alleged by the other party against the pro-se Plaintiff as described in the Amended Complaint and shown in exhibits attached thereto; and that the pro-se Plaintiff repeats part of what was stated in the Amended Compliant: "*That the Defendant willfully misrepresented about the pro-se Plaintiff's payments of child support being in arrears to the State of Maryland in early 2007, to include an erroneous complaint of arrearage for the month of April 2007, when it had been already paid by the pro-se Plaintiff in full*", and that the pro-se Plaintiff feels that he has been discriminated against by the FC DSS despite many administrative requests tot hem to look into this matter.

5. That the FC DSS's Motion to Dismiss is prejudicial and does NOT answer the actual merits of the case as was stated by the pro-se Plaintiff in his Amended Complaint: "*That the State of Maryland did not act in good faith and acted prejudicially and discriminated against the pro-se Plaintiff, when the Federal Child Support Recovery Act of 1992 does Not permit withholding of the pro-se Plaintiff's tax refund for calendar year 2006 arbitrarily based on misrepresentations of the Defendant and without providing the pro-se Plaintiff all the remedies available under the law to explain and/or rectify those arrears prior to the State of Maryland acting with prejudice against the pro-se Plaintiff and thereby jeopardizing the pro-se Plaintiff's current federal employment.*", and that the pro-se Plaintiff believes that there is an issue of federal question because the pro-se

Plaintiff's federal tax refund was withheld based on misrepresentations of arrearage by the Defendant and the failure of FC DSS to do SIMPLE ARITHMETIC CHECK of amounts to confirm if the arrearage amount was added correctly or not by Renu Khosla Ryan.

6. That had the FC DSS done its job of a SIMPLE ARITHMETIC CHECK of the alleged arrears, then there would have been NO ARREARS as explained in the Amended Complaint and the exhibits attached thereto; and that the FC DSS has failed to answer this factual basis for tort damages against them in the Amended Complaint.

7. That the pro-se Plaintiff believes that this US District Court has jurisdiction due to diversity as well as discrimination stated in the Amended complaint: *"That the pro-se Plaintiff has been discriminated against based on his race, religion, color, national origin, sex, different non-Christian last name, spoken accent and status in being forced to pay erroneous child support amounts that were not calculated properly per the aforesaid Divorce Decree and the uniform child support guidelines."*, and that the pro-se Plaintiff prays and seeks justice from this US District Court.

8. That the pro-se Plaintiff avers that this US District Court ahs jurisdiction due to the application of uniform child support guidelines across all fifty states for consistency and even treatment enforced through the Federal (US) office of child support enforcement (OCSE) and per 42 USC 667/

666 and 45 CFR 302/ 333 since the years 1989/1990 that are to be uniformly applied across all fifty states in the USA.

9. That, <u>in the alternative</u>, the pro-se Plaintiff argues that if this US District Court were to agree to FC DSS's Motion to Dismiss Amended Complaint, <u>then only FC DSS should be deleted as the Defendant</u> as FC DSS's arguments are only for dismissal of complaint them;  and that the remaining Amended Complaint for tort damages against remaining parties, Gregory M. Ryan and Renu K. Ryan, be maintained and this Court should continue its jurisdiction.

10. That the pro-se Plaintiff avers that he has NOT received any response from the other defendants, Gregory M. Ryan and Renu K. Ryan, in reply to Amended Complaint served upon them by USPS Express Mail.

Wherefore the *pro-se* Plaintiff prays this Honorable Court to :

(1) Issue an order for the Defendant to show cause why the Defendant should not be penalized for its acts of misrepresentation and willfully misleading the various governmental agencies and tarnishing the *pro-se* Plaintiff's professional image and character through Defendant's unreasonable actions described above;

(2) Order the Defendant to reimburse to the *pro-se* Plaintiff a sum equal to the actual costs of litigation of child support matter plus the

child support amounts due to the Plaintiff with interest and
penalties plus any overpayments of child support made by the
Plaintiff and reimbursement of interest and fees on loans secured
by Plaintiff to make those overpayments to the Defendant and the
punitive damages of Ten Million Dollars for pain, suffering and
humiliation suffered by the *pro-se* Plaintiff at the hands of the
Defendant;

(3) Order a jury trial and schedule it as soon as possible;

(4) Issue a stay against the erroneous child support order of
November 2005 and other orders based upon that erroneous child
support order issued by the Circuit Court for the State of Maryland
until at least this matter is adjudicated, and order a dismissal of all
the erroneous orders;

(5) Order a correct computation of the child support amounts from
year 2004 onwards and for years 2005, 2006, 2007 and 2008
based on the W-2 and other income related information of both the
parties using uniform child support guidelines to include shared
physical custody;

(6) Order the Defendant and the Defendant's agents/assignees to
cooperate and provide the appropriate information to the *pro-se*

Plaintiff and to this Court without delays, otherwise they are to held in contempt of this Court and penalties imposed upon them;

(7) Order DSS/DHR to determine correct child support using the uniform child support guidelines and gross income of both parents and use correct Worksheets to determine child support amount;

(8) Order the imposition of appropriate financial and criminal penalties upon the Defendant for their misrepresentations and/or failure to follow the laws, orders, code and regulations;

(9) Order the case to be dismissed against the FC DSS only, if deemed necessary, and maintain jurisdiction in this matter against the remaining defendants Gregory M. Ryan and Renu K. Ryan for tort damages as explained herein; and

(10) Grant any other relief to the *pro-se* Plaintiff it deems fit for this cause.

I affirm under the laws of the United States of America that the statements made herein are true to the best of my knowledge and belief.

August 25, 2008

Respectfully submitted by:

SANJEEV MALHOTRA

Home Phone: 301-865-3474        3484 Augusta Drive; IJAMSVILLE, MD 21754-9027

CERTIFICATE OF SERVICE

That on this 25th day of August 2008, I have mailed the aforesaid Response to

Frederick County Dept. of Social Services Motion to Dismiss Amended

Complaint to the Defendant by first class mail, postage pre-paid to:


Maryland State Dept. of Social Services/ Human Resources

311 West Saratoga Street

Baltimore, MD. 21201

Signed by:

SANJEEV MALHOTRA

3484 Augusta Drive

IJAMSVILLE, MD. 21754-9027



UNITED STATES POSTAGE
$ 01.17⁰
PITNEY BOWES
02 1M
0004228479    AUG 07 2008
MAILED FROM ZIP CODE 21202

CLERK
US DISTRICT & BANKRUPTCY
COURTS

2008 AUG 25 PM 5: 29

RECEIVED

Sanjeev Malhotra
3484 Augusta Drive
Ijamsville, MD 21754-9027

The Office of the Attorney General
Saratoga State Center, Suite 1015
311 W. Saratoga Street
Baltimore, Maryland 21201

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED

SANJEEV MALHOTRA,          *
          Plaintiff
                     *

     v.
                     *

GREGORY M. RYAN,                  Civil Action No.08-CV-00470
RENU K. RYAN,                 *     (RBW)
and
Dept of Social Services,             *
Frederick Co., MD

        Defendants.
    *   *   *   *   *   *   *   *   *   *   *   *

**ORDER**

Upon consideration of the foregoing Motion to Dismiss, it is this _____ day of

_____, 2008, by the United States District Court for the District of Columbia

**ORDERED,** that the Motion to Dismiss of defendant Frederick County Department

of Social Services, be and it is hereby granted; and it is further,

**ORDERED,** that the action against the defendant Frederick County Department of

Social Services be and it is hereby dismissed with prejudice on the following grounds: lack

of subject matter jurisdiction, sovereign immunity, and improper venue.

                              _____
                              Reggie B. Walton, Judge